## EPHRAIM H. GREEN v. JAMES S. BLALACK.

Where the appellee recovered judgment for costs in the court below, suggests delay in this court, and the appellant assigns no errors, but files a brief discussing the charge of the court, and which this court cannot review for want of a statement of facts in the record: *Held,* that a suggestion of delay is not applicable to the case, and the court is not required to investigate further its merits, than to examine the matter presented by the brief; and as some possible error may exist, the cause will be dismissed for want of an assignment of error pointing out the same.

APPEAL from Harrison. Tried below before the Hon. C. A. Frazer.

This suit was brought by the appellant against the appellee on a due bill for thirty dollars, and an account for eleven dollars and eleven cents. Judgment in the Justice's Court for the amount of

27Y

the due bill against the defendant, who brought the case to the District Court by *certiorari*. The character of the case is not further shown, except by resorting to the petition for *certiorari*, from which it seems that the defence relied on was a failure of consideration—the note or due bill having been given by Blalack to Green as a voucher acknowledging the receipt of thirty dollars, and the account being for merchandise received by him, both on the same account, and being a part payment of, the purchase money for a tract of land contracted to be sold by said defendant to plaintiff, but which contract the latter refused to carry out, to the great damage of the defendant. Special damage was set forth in the petition for *certiorari*, resulting from the sale of property, hogs, &c., preparatory to vacating the premises sold, in accordance with the terms of sale.

The court charged the jury as follows : "If you believe, from the testimony, that the plaintiff heretofore, before a justice of the peace, recovered a judgment against the defendant on the due bill which has been read to you as the cause of action in this case, and that the defendant executed and delivered said due bill to the plaintiff, you will find for the plaintiff the amount thereof, with interest from its date, unless you believe," &c., proceeding to charge upon the supposed defence above suggested. All other facts which need be stated, appear from the opinion.

*G. McKay*, for the appellant.—In this case the court charged the jury that if they believed, from the testimony, the plaintiff in the court below recovered judgment against defendant, they would find for plaintiff; otherwise for defendant.

The petition for *certiorari* must show sufficient to give the court jurisdiction, and that it is a question for the court to determine. The judge, before he grants the writ, must be satisfied that there was a judgment in the justice's court. That is one of the necessary allegations in every petition for *certiorari*, and the petition must be sworn to.

If the petition does not contain such an allegation, the judge cannot grant the writ; or, if he should, the petition will be dismissed at the trial on motion.

Green v. Blalack.

If the petition contains all the necessary allegations, and is sworn to, and not dismissed on motion, then the case is in court; the petition having performed its office, is not referred to for any purpose afterwards. The case is then to be tried *de novo*. If the suit is on a promissory note, all the plaintiff is required to do to make out his case is to read the note to the jury; if upon account, then he proves his account. If the defendant has any defence, he offers his proof to the jury in support of it; and if there is no rebutting proof, the trial is at an end.

The plaintiff is not required, after he reads his note to the jury, or proved his account, to show further that he had sued on the note or account in a justice's court, and had recovered judgment. What occurred in the justice's court can have no weight with the jury in the District Court. What occurred in the justice's court must be detailed in the petition for the writ, and serves only to give the court jurisdiction, which is a question for the court to determine, and not the jury. All that Green was required to do in this case was to read the due bill to the jury, which he did. This alone ought to reverse the judgment.

ROBERTS, J.—The appellee recovered a judgment for costs in the court below, and here suggests delay without filing a brief. The appellant assigns no errors, but files a brief in which the charge of the court alone is discussed, which we cannot review, as there is no statement of facts. It is evident that this is not a proper case in which to entertain a suggestion of delay, as the appellee has recovered no amount to assess damages upon. There may be questions in the case which, if pointed out, discussed and examined into by the parties, might require some consideration. The amount involved is thirty or forty dollars and costs. It has not been thought incumbent on this court, under these circumstances, to institute an original investigation into the merits of the case further than to examine the matter discussed in the brief of appellant. We are not prepared to say that there may not be some possible error. Therefore, for the want of an assignment of errors, the cause is dismissed.

Dismissed.