F. M. STRONG v. THE FIRST NATIONAL BANK OF
ARKANSAS CITY.

No. 621.

APPELLATE PRACTICE—*time in which to commence proceedings
in error cannot be extended.* The time given in paragraph 4657,
General Statutes of 1889, in which proceedings shall be com-
menced to reverse, vacate or modify judgments or final orders, is
sufficient for the careful and diligent notwithstanding the mis-
takes and misunderstandings which are liable to occur and cause
delay, and cannot be extended.

Error from Cowley District Court. Hon. J. A.
Burnette, Judge. Opinion filed November 16, 1897.
*Dismissed.*

*Charles L. Brown,* for plaintiff in error.

*Pollock & Lafferty,* for defendant in error.

SCHOONOVER, J. The defendant in error, appearing
specially, moves for an order dismissing the petition
in error upon the following, among other, grounds set
forth in his motion : "Because no summons in error
was issued and served in this case as by law provided,
neither was the issuance and service of such summons
in error waived."

The motion for a new trial in this case was over-
ruled by the trial court on the fourth day of March,
1896. The petition in error was filed in this court on
the sixteenth day of July, 1896. The motion of the
defendant in error to dismiss the petition in error was
filed on the eleventh day of September, 1897. Notice
of the hearing of the motion was duly made, and
service of the same acknowledged by the attorney for
plaintiff in error, on the eighth day of September,
1897. From the record, it appears that no written
precipe for summons was ever filed, or summons

48—6 KAN. APP.

issued. There was no service by publication, and no waiver in writing by the defendant in error or its attorney of the issuing or service of summons.

At the time this case was tried, Troup and Brown were partners, and appeared for the defendant below. Afterwards the partnership was dissolved, and Charles L. Brown, of the firm of Troup & Brown, continued to represent the plaintiff in error in this case. The petition in error was prepared and filed by Mr. Troup. No written precipe for·summons was filed by him, for the reason, as he contends, thåt a member of the firm of Pollock & Love informed him that said firm would "at any time sign a stipulation in writing waiving the issuance of summons, and an entry of appearance." Mr. Brown was informed of this fact, and there the case rested.

No stipulation waiving the issuance of summons was ever presented to counsel for defendant in error, and no voluntary appearance by them was ever made.

Paragraph 4657, General Statutes of 1889, provides:

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of, or in case the person entitled to such proceedings be an infant, a person of unsound mind, or imprisoned within one year as aforesaid, exclusive of the time of such disability."

The limitation in this section cannot be enlarged. The time given in which proceedings shall be commenced to review, vacate or modify judgments or final orders, is sufficient for the careful and diligent notwithstanding the mistakes and misunderstandings which are liable to occur and cause delay, and cannot be extended.

The case will be dismissed.