GEORGE W. BROKAW, JOHN BROKAW, JR., AND LEWIS BROKAW, *Partners as Brokaw Brothers*, AND J. W. BROKAW v. S. J. BARTLEY.

**No. 678.**   (61 Pac. 320.)

PRACTICE, DISTRICT COURT— *Supplemental Pleadings — Discretion of Court.* The filing of an amendatory or supplemental pleading rests largely within the discretion of the trial court; it must be upon notice and by permission of the court.

Error from Shawnee district court; Z. T. HAZEN, judge.    Opinion filed June 6, 1900.    Affirmed.

*J. T. Ward*, for plaintiffs in error.

*Jetmore & Jetmore*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: The defendant in error, S. J. Bartley, on March 22, 1897, commenced her action in the district court of Shawnee county against George W. Brokaw, jr., and Lewis Brokaw, as copartners under the firm name of Brokaw Brothers, for a recovery upon several promissory notes of twenty-five dollars each and for the foreclosure of a chattel mortgage. J. W. Brokaw was also made a party defendant.

The defendants answered, admitting the execution of the notes and mortgage, setting up various accounts as counter-claims and set-offs in the sum of $160.79, and praying judgment for any balance due. For reply the plaintiff filed a general denial. The plaintiff below, on the 21st day of June, also filed a supplemental paragraph to her petition, setting up that on January 8, 1890, Brokaw Brothers, being indebted to Eli Ulamprel in the sum of $445 upon a promissory note, executed and delivered their certain first mortgage upon the property in question to se-

cure the payment thereof; that on March 6, 1897, there was due thereon the sum of $43.60, and Brokaw Brothers caused Ulamprel's note and mortgage to be assigned to her as a further security for the payment of the amount due; and she prayed that, in case her mortgage hereinbefore set out should by any reason be held invalid, she be subrogated to the rights of Ulamprel under the last-named mortgage.

When the case was called for trial the defendants asked leave to file their supplemental answer, setting up a judgment in the sum of $125 as a set-off. This judgment was rendered in favor of George Brokaw on August 26, 1897, in an action pending before A. F. Chesney, a justice of the peace for the city of Topeka, wherein George Brokaw was plaintiff and S. J. Bartley was defendant. The court refused to permit the supplemental answer to be filed, to which ruling defendants excepted. A trial was had before the court and a jury which resulted in a verdict and judgment for the plaintiff in the sum of $113.25. Motion for a new trial was overruled, and the defendants, as plaintiffs in error, present the record to this court for review, and allege error in the proceedings of the trial court, in these particulars: That the court erred in its instructions to the jury; that the facts set forth in the petition do not state a cause of action; that the court erred in refusing to permit defendants to file their supplemental answer, and that the judgment is contrary to the evidence and the law.

It will be observed that the action of the court below in overruling the motion for a new trial is not assigned as error. Therefore we cannot examine the alleged errors occurring at the trial.

The record presents but one question, Did the court err in refusing to permit plaintiffs in error, defendants

below, to file their supplemental answer? The filing of an amendatory or supplemental pleading rests largely within the discretion of the trial court. Section 144 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4394), provides: "Either party may be allowed, on notice and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply." The filing of a supplemental answer under this statute must be upon notice and by permission of the court. The record fails to show that notice was given. The application to file the supplemental answer was not made until the case was called for trial, and no notice appears to have been given of such application. We are of the opinion that the court did not abuse its discretion in refusing to permit the supplemental answer to be filed.

The judgment of the trial court is affirmed.