Nettograph Machine Co. v. A. J. Brown and E. C. Trueblood.

defendant in error, J. J. Bebout, do have and recover of and from the Blackwell, Enid and Southwestern Railway Company the sum of four hundred and eighty dollars, with interest thereon at the rate of seven per cent. per annum from the 21st day of February, 1905, and the sum of one hundred and eighty-seven dollars and forty-one cents ($187.41), costs accrued in said condemnation proceedings; and said cause No. 737, J. J. Bebout v. Blackwell, Enid and Southwestern Railway Company and St. Louis and San Francisco Railroad Company is dismissed at the costs of the plaintiff, J. J. Bebout. And said condemnation proceedings are in all things confirmed and made effectual.

The costs in the court are ordered taxed to the defendant in error.

Pancoast, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.

---

NETTOGRAPH MACHINE COMPANY v. A. J. BROWN AND E. C. TRUEBLOOD, *Administrator of the Estate of* JENNIE BROWN, *Deceased.*

(Filed September 4, 1907.)

(91 Pac. 849.)

1. **WRIT OR ERROR—Brief—Failure to Flie—Reversal.** Where the plaintiff in error has completed his record and filed it in this court and has served and filed a brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the alleged errors will be taken as confessed and the judgment may be reversed without an examination of the record.

2. **SAME—Rule 6 Invoked.** By rule 6 this court, where the defendant in error in a civil cause fails to file a brief in support of the judgment attacked by the appeal, the court is given the discretion to either affirm or reverse the cause, and may reverse the judgment without examining the record.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Ledru Guthrie, Special Judge.*

Reversed and remanded.

*Grant & McAdams,* for plaintiff in error.

Opinion of the court by

BURFORD, C. J.:  The Nettograph Machine Company, a corporation organized under the laws of the state of Missouri, brought its action in the probate court of Oklahoma county against the defendants, A. J. Brown and E. C. Trueblood, administrator of the estate of Jennie Brown, deceased, to recover judgment upon a promissory note in the sum of $500 executed by the defendants on the 24th day of September, 1903, to the Oklahoma Trust & Banking Company, due in ninety days from date, with six per cent. interest from maturity, and $50 attorneys fees, and by the payee assigned to the Nettograph Machine Company of St. Louis, the plaintiff in the action.  The defendants set up by way of answer that the note was executed for 60 Nettograph machines and the right to use them in Oklahoma and Indian Territory, and alleged that the agent of the plaintiff made certain false and fraudulent representations by which the defendants were induced to execute the note, and they seek to either rescind and recover damages, or to recoup damages against the note if the sale is affirmed.  It appears that the contract was in writing and is full and complete, but contains no warranty or representations as to the character of the machines or the work they can accomplish.  On the trial the defendants were permitted, over the objection of the plaintiff, to introduce evidence tending to establish certain oral representations in the nature of warranties or of representations as to the qualities of the machines or the character of the work they were capable of performing, also of the earning capacity of the machines, which were operated by the "nickel-in-the-slot" device.  The cause was tried to a jury, and verdict returned for the defendants.  The plaintiff filed his motion for new trial, which was overruled, and

judgment rendered in favor of defendants for the costs. The plaintiff brings the cause to this court by petition in error, and has filed a brief in which a number of specific errors are alleged and authorities cited in support of its position. The defendants have filed no brief and offered no excuse for their default.

The failure of the defendants in error to appear or file any brief must be taken as a confession of the alleged errors, at least sufficient to warrant a reversal of the judgment. Enc. Pl. & Pr. 729; *Parsons v. Haskell,* 30 Ill. App. 444; *Mattoon v. Holmes,* 14 Ill. App. 392; *Green v. Blalack,* 25 Tex. 417; *Richter v. Fresno Canal Co.* (Cal.) 36 Pac. 96; *Davis v. Hart,* (Cal.) 37 Pac. 486. This court has by rule required briefs to be filed in all civil causes, and has given the court the right to exercise its discretion as to the disposition to be made of the case when no brief is filed. The rule is as follows: "Rule VI. In each civil cause filed in this court, counsel for plaintiff in error shall serve his brief on counsel for defendant in error within forty days after filing his petition in error, and shall at the same time file fifteen copies of said brief with the clerk of the supreme court. And the defendant in error shall have thirty days after service on him of plaintiff in error's brief, in which to serve and file answer briefs. Proof of service of briefs must be filed with the clerk of this court within ten days after service. In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment." From a reading of plaintiff's brief and a casual inspection of the record, we feel so confident that there is fatal error in the record that we are satisfied no injustice is being done by a reversal.

The judgment of the probate court of Oklahoma county is reversed, and a new trial ordered, at the costs of defendants in error.

Irwin, J., absent; all the other Justices concurring.