BUTLER *et al.· v.* McSPADDEN.

No. 250.    Opinion Filed January 11, 1910.

(107 Pac. 170.)

**APPEAL AND ERROR—Failure to File Brief—Reversal.** Where counsel for plaintiff in error in conformity with the rules of this court has prepared, served, and filed a brief, in which, with other contentions, it is· insisted that the judgment and verdict appealed from are not reasonably supported by the evidence, and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

Williams, J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Craig County; John H. King, Judge.*

Action between John Butler and Mike Martin and S. A. McSpadden. From the judgment, Butler and Martin bring error. Reversed.

*D. H. Wilson,* for plaintiffs in error.

DUNN, J. This case presents error from the district court of Craig county. Among other contentions of counsel for plaintiff in error, it is insisted in his brief that the evidence offered on the trial does not sustain the verdict. Counsel for defendant in error have filed no brief, nor offered any excuse for failure. Rule 7 (20 Okla. viii, 95 Pac. vi) provides for the filing of briefs by counsel for parties interested in actions pending here on appeal, and provides, "in case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment." In such a case the Supreme Court of California in the case of *Richter v. Fresno Canal & Irrigation Co.,* 101 Cal. 582, 36 Pac. 96, said:

"It appears that certain material findings in this case are attacked by the specifications on the ground of the insufficiency of the evidence to support them. But as the respondent herein has not seen fit to file a brief, or to argue the case orally, we do not feel called upon to perform the duty of counsel by hunting through the record for the purpose of discovering evidence to support the findings, which it was his duty, if it existed, to point out to the court. Under such circumstances, this court will assume, without looking into the record, that the point urged by appellant, that the evidence is insufficient to justify the findings attacked, is well taken."

The doctrine declared in this case was followed by that court in the case of *Davis v. Hart,* 103 Cal. 530, 37 Pac. 486.

The Court of Appeals of Kansas, Northern Department, in the case of *Douglass v. Craig et al.,* 9 Kan. App. 885, 61 Pac. 320, on the same point, said:

"In this case it seems from the brief of the plaintiff in error that the district court committed reversible error in sustaining the demurrer to the evidence, and in the exclusion of competent evidence offered by the plaintiff. The defendant in error has filed no brief in this court, and we have not the benefit of knowing what the theory advocated by the defendant and sustained by the court was, and in such cases we shall not carefully search the record to find a theory upon which the judgment of the court can be sustained. This court cannot spend its time in doing the work that the attorneys should do. To do this would not be just either to the court or to other litigants."

And the Court of Appeals of Kansas, Southern Department, in the case of *Naylor v. Beery et al.,* 7 Kan. App. 815, 52 Pac. 580, reversed the judgment of the district court for the sole reason that counsel for defendant in error had failed to file a brief, and in so doing said:

"We hope that in the future the attorneys for litigants will comply with the rules of this court, and assist us in enunciating correct legal principles. The judges of this court are willing to do their part of the work, and we expect the attorneys who have cases in this court to do their part. The judgment of the district court is reversed, and the case remanded for a new trial."

And the Supreme Court of Kansas in the case of *Peak v. State ex rel. Means,* 67 Kan. 824, 72 Pac. 1100, inferred from the fact that defendant in error had filed no brief that error was practically confessed.

The Supreme Court of Florida in the case of *Chamberlain v. Lesley,* 39 Fla. 452, 22 So. 736, lacking the authority contained in rule 7, and that possessed by the courts· which we have noted above on this same proposition, said:

"The delicate compliment so often paid to our ability and industry by these failures on the part of counsel for appellees to brief cases in this court we cannot fail to appreciate, nevertheless we suggest to litigants and counsel that, owing to the present congested state of our docket, and our earnest endeavors to rapidly dispose of the mass of cases now before us, we are willing to renounce these implied compliments, for a time at least, in order that we may have the benefit of counsel's investigations, to aid us in performing these responsible duties. Under our rules, a party appellant is in many ways punished for his failure to brief his case, and the rules require an appellee to file briefs with us, though no penalty is named for his failure to do so. We think a moment's reflection on the part of members of the profession will convince them that their duty to this court, their clients and the state requires that in all cases here represented by them they should brief the questions involved on appeal, not only because it may aid to secure a just and correct decision of these questions, but because this court is thereby enabled to dispose of its business more rapidly than it otherwise could do. In the accomplishment of the task now before us, of

clearing the docket, we ask the co-operation of the profession, and the most substantial assistance they can give us is in the manner suggested."

See, also, 3 Encylopedia of Pleading and Practice, p. 729; *Russell et al. v. Torbet et al.,* 81 Iowa, 754, 46 N. W. 1095.

This same matter has been before the Supreme Court of the Territory of Oklahoma and the conclusion of the courts to which we have referred are amply supported by the decisions of that court. See *Aldridge et al. v. Board of Education of Stillwater,* 15 Okla. 354, 82 Pac. 827; *Nettograph Machine Co. v. Brown et al.,* 19 Okla. 77, 91 Pac. 849. In the case of *Nettograph Machine Co. v. Brown et al., supra,* the Supreme Court said in the syllabus:

"Where the plaintiff in error has completed his record and filed it in this court and has served and filed a brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the alleged errors will be taken as confessed, and the judgment may be reversed without an examination of the record."

And in the consideration of the matter Chief Justice Burford, who prepared the opinion for the court, said:

"The failure of the defendants in error to appear or file any brief must be taken as a confession of the alleged errors, at least sufficient to warrant a reversal of the judgment. Enc. Pl. & Pr. 729; *Parson v. Haskell,* 30 Ill. App. 444; *Mattoon v. Holmes,* 14 Ill. App. 392; *Green v. Blalack,* 25 Tex. 417; *Richter v. Fresno Canal Co.* [101 Cal. 582], 36 Pac. 96; *Davis v. Hart* [103 Cal. 530], 37 Pac. 486. This court has by rule required briefs to be filed in all civil cases, and has given the court the right to exercise its discretion as to the disposition to be made of the case when no brief is filed."

We have read the brief filed by counsel for plaintiff in error, and from a consideration thereof it seems to us that the point made that the judgment lacks evidence sufficient to sustain it is well taken. In the absence of a brief on the part of counsel for defendant in error, we are not given that assistance which we should have in determining the theory upon which the court rendered its judgment, and the pressure upon the time of this

court is such that it cannot in justice to other litigants brief cases for parties who elect to neglect it.

Counsel for plaintiff in error ask that the judgment of the district court be reversed, and that judgment be rendered in their behalf, or, in lieu thereof, they be granted a new trial. We grant the alternative, and the judgment is accordingly reversed, a new trial granted, and the case remanded to the district court of Craig county.

Kane, C. J., and Hayes, J., concur; Williams, J., dissents; Turner, J., disqualified.