JOHN B. TURNER, CHIEF JUSTICE.
JESSE J. DUNN,
SAMUEL W. HAYES,  } JUSTICES.
MATTHEW J. KANE,
R. L. WILLIAMS,

VAN ARSDALE-OSBORNE BROKERAGE CO. v.
PATTERSON.

No. 1059.   Opinion Filed November 14, 1911.

(120 Pac. 933.)

**APPEAL AND ERROR**—Reversal—Failure to File Brief.  Where counsel for plaintiff in error, in conformity with the rules of this court, have prepared, served, and filed a brief in which, with other contentions, it is insisted that the judgment and verdict appeared from are not reasonably supported by the evidence, and there is no brief filed, or no reason given for a failure to file brief on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment, and grant a new trial.

(Syllabus by Sharp, C.)

*Error from District Court, Comanche County; J. T. Johnson,*
*Judge.*

Action by the Van Arsdale-Osborne Brokerage Company against T. N. Patterson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Foulke & Matson, L. M. Gensman,* and *W. T. Dixon,* for plaintiff in error.

Opinion by SHARP, C. This case was originally brought January 17, 1907, in a justice of the peace court in the city of Lawton. The trial in the justice court resulted in favor of defendant. The case was appealed to the district court of Comanche county, and tried to a jury September 17, 1908. A verdict signed by nine members of the jury was returned, on which judgment in favor of defendant was entered. Motion for new trial was filed and overruled, and plaintiff below brings the case here for review.

The petition in error in this case was filed September 6, 1909; the brief of plaintiff in error, October 1, 1909. No brief has been filed by defendant in error, nor has any excuse been offered for his failure to do so. Rule 7 of this court (20 Okla. viii, 95 Pac. vi) provides for the filing of briefs by counsel for parties interested in actions pending here on appeal, and reads:

"In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment."

In the absence of a brief on the part of counsel for defendant in error, we are without aid in determining the theory upon which the court rendered the judgment and overruled plaintiff's motion for new trial. This question has so often been before this court that the rule of practice may be deemed settled. *Butler et al. v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Outler et al.,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Oklahoma Nat. Bank,* 25 Okla. 472, 106 Pac. 959; *Flanagan v. Davis,* 27 Okla. 422, 112 Pac. 990; *Missouri, etc., Ry. Co. v. Long,* 27 Okla., 456, 112 Pac. 991.

In the latter case the rule is announced in the following language:

"Therefore, the rule which we have adopted in such cases, is, that where counsel for defendant in error have neglected to file

a brief, and have offered no reason or excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error."

We have not confined our examination of this case to the brief of plaintiff in error, but have carefully read the entire record, and from a consideration thereof conclude that a new trial should be awarded by the trial court.

There is, however, another and more serious question presented by the record, but which has escaped the attention of counsel for plaintiff in error, which alone would probably be sufficient to cause a reversal of the case, which is the fact that the verdict of the jury upon which the judgment is based was signed by only nine members of the jury. The case is one that was instituted prior to statehood, on to wit, January 17, 1907, before a justice of the peace in the city of Lawton, and this court in *Pacific Mutual Life Ins. Co. v. Adams*, 27 Okla. 496, 112 Pac. 1026, held that in the trial of a case which was pending in a district court of Oklahoma Territory prior to statehood, and in which defendant was entitled to a common-law jury of twelve men and to a unanimous verdict, a verdict signed by eleven of the jurors was void. The first paragraph of the syllabus reads as follows:

"Prior to the admission of the state into the Union, defendant, in a civil suit pending in the district court of Oklahoma Territory, was entitled, under the seventh amendment to the federal Constitution, to a common-law jury of twelve and to a unanimous verdict. This was a right in procedure, and, as to all such suits so pending, was preserved under section 1 of the Schedule to the Constitution, providing, 'No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the form of government had taken place,' and remained unaffected by the change of procedure prescribed by Const. art. 2, sec. 19, providing: 'The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil * * * cases in courts of record, other than county courts, shall consist of twelve men * * * in civil cases * * * three-fourths of

the whole number of jurors concurring shall have power to render a verdict. * * * In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and, signed by each juror concurring therein.' And an instruction in the trial of such causes after statehood, in effect, that the jury might return a verdict on concurrence of nine of their number, is error."

The conclusion arrived at has been followed by this court in *Kerfoot-Bell Company v. Kerfoot, infra*, 118 Pac. 367. True, in the first above-mentioned case, objection to the verdict was made at the time, while here the question was not raised below, nor suggested in this court. In view of the fact that the case should be reversed for the reasons heretofore assigned, it is not necessary for us to determine the effect to be given to such a verdict, where no objection was made thereto, as there need be no occasion for the recurrence of such error, if error it be.

The judgment of the trial court is accordingly reversed, and the plaintiff in error is granted a new trial, and the cause remanded to the district court of Comanche county.

By the Court: It is so ordered.

All the Justices concur.