## RUDD v. WILSON *et al.*

No. 1556.   Opinion Filed February 6, 1912.

(121 Pac. 252.)

**APPEAL AND ERROR**—Briefs—Failure of Defendant in Error to File—**Reversal.**   Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief, in which, with other contentions, it is insisted that the judgment and verdict appealed from are not reasonably supported by the evidence, and are contrary to law, and there is no brief filed, and no reason given for its absence, on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.   **Butler v. McSpadden,** 25 Okla. 465, 107 Pac. 170.

(Syllabus by Robertson, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Nellie Rudd against Samuel M. Wilson, Flora A. Wilson, and James C. Smith to recover on a promissory note, and to foreclose a real estate mortgage securing same.   Judgment for defendants; plaintiff brings error.   Reversed and remanded, with instructions.

*C. T. Huddleston,* for plaintiff in error.

Opinion by ROBERTSON, C.   Plaintiff in error has completed her record and filed it in this court on April 10, 1910, and has also filed a brief in support of the assignments of error contained in her petition in error; said brief having been filed on May 11, 1910.   Twenty months have elapsed, and defendants in error have not complied with rule 7 of this court (20 Okla. viii, 95 Pac. vi), relative to filing briefs; nor have they offered any excuse for their failure so to do.   Counsel for plaintiff in error has filed an able and exhaustive brief in support of his contentions.   We do not know upon what theory the trial court

rendered judgment against plaintiff below, and defendants in error have not given us the benefit of their knowledge on the subject. In *Nettograph Machine Co. v. Brown et al.,* 19 Okla. 77, 91 Pac. 849, Mr. Chief Justice Burford, speaking for the court on an identical question, said:

"The failure of the defendants in error to appear or file any brief must be taken as a confession of the alleged errors, at least sufficient to warrant a reversal of the judgment."

3 Enc. P. & P. 729; *Parson v. Haskell,* 30 Ill. App. 444; *Mattoon v. Holmes,* 14 Ill. App. 392; *Green v. Flalack,* 25 Tex. 417; *Richter v. Fresno Canal Co.,* 101 Cal. 582, 36 Pac. 96; *Davis v. Hart,* 103 Cal. 530, 37 Pac. 486. See, also, in support of this doctrine, *Douglas v. Craig,* 9 Kan. App. 885, 61 Pac. 320; *Naylor v. Beery,* 7 Kan. App. 815, 52 Pac. 580; *Peak v. State,* 67 Kan. 824, 72 Pac. 1100; *Chamberlain v. Lesley,* 39 Fla. 452, 22 South. 736; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957; *Ruckner v. Bank,* 25 Okla. 472, 106 Pac. 959; *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Hardware Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360.

We have read with care the brief filed by plaintiff in error, and from a consideration thereof it seems to us that the point raised—"that the findings of the court, and its decision thereon, are not sustained by the evidence, and is contrary to law"— is well taken.

We will not render judgment for plaintiff in error, although the condition of the record might warrant the same, but will content ourselves by saying that the judgment of the district court of Okfuskee county should be reversed and this cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.