## BUTLER v. GILL.

No. 2183.   Opinion Filed October 15, 1912.

(127 Pac. 439.)

1. **TRIAL—Instructions—Reference to Statutes.** An instruction in the following words: "For a further instruction as to the law, I respectfully refer you to sections 1, 2, 3, and 6 of chapter 37, 1893, page 595, of Oklahoma Statutes"—held to be reversible error.

2. **SAME—Definition.** "Instructions" are directions with reference to the law of the case, enabling the jury to better understand their duty, and to prevent them from arriving at erroneous and wrong conclusions.

3. **APPEAL AND ERROR—Failure to File Briefs—Reversal.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of the plaintiff in error.

(Syllabus by Robertson, C.)

*Error from Roger Mills County Court;*
*E. E. Tracy, Judge.*

Action by J. A. Butler against James C. Gill for damages to property destroyed by fire. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with instructions to grant a new trial.

*Mitchell & Grim,* for plaintiff in error.

Opinion by ROBERTSON, C. This action was commenced by the plaintiff in error, J. A. Butler, against the defendant in

error, James C. Gill, in the county court of Roger Mills county on August 18, 1909, to recover the sum of $775 alleged to be due by reason of the destruction of certain personal property by a fire negligently started by defendant in error. The cause was tried to a jury, and a verdict in favor of the defendant in error was returned, on which a judgment for costs was entered. Plaintiff brings error.

Plaintiff in error complains of the giving of the fifth instruction, which reads as follows: "For a further instruction as to the law, I respectfully refer you to 1, 2, 3, and 6 of chapter 37, 1893, page 595, of Oklahoma Statutes." Such an instruction should not have been given to the jury. As a result, it necessitated the taking into the jury room the statutes of the state, and directed the jurors to read the same, and place their own construction thereon. It imposed on the jury the duty of interpreting and construing the statute under which this action was instituted and then pending. The court should have told the jury in plain and concise language what the law was, and, if nothing better could have been done, it should have copied the sections referred to and incorporated the copy into its general instructions, instead of sending the entire volume of statutes into the jury room, with the general invitation to the jury to read the law and place their own interpretation thereon.

We have read all the instructions given by the court to the jury in this case. All those complained of in the third, fourth, fifth, sixth, seventh, and eighth assignments of error are erroneous, and do not state the law applicable to the facts in this case.

In *Leavitt v. Deichmann,* 30 Okla. 423, 120 Pac. 983, it is said:

"It is the province of the court, and its duty, under our statutes, to instruct the jury on law applicable to the whole case, and it is likewise the duty of the jury to act upon and be governed by the law as given them by the court. Instructions are directions with reference to the law of the case, enabling the jury to better understand their duty, and prevent them from arriving at erroneous and wrong conclusions. This being true, it is essential that the instructions taken as a whole should fairly and clearly state the law applicable to the case."

The petition in error in this case was filed in this court December 13, 1910, and plaintiff in error filed his brief herein in due time. Defendant in error has filed no brief, nor has he offered any excuse for his failure to do so. We therefore apply the rule of this court that, where the brief of the plaintiff in error reasonably appears to support the assignments of error, the court will not search the record to ascertain some possible theory on which the case may be affirmed, but, if the assignments of error appear to be reasonably supported by the record, the case will be reversed. *Bank of Grove v. Dennis,* 30 Okla. 71, 118 Pac. 570; *Doyle v. School Dist.,* 30 Okla. 81, 118 Pac. 386; *Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371; *Van Arsdale-Osborne v. Patterson,* 30 Okla. 113, 120 Pac. 933; *Beaver v. Oklahoma State Loan Co.,* 30 Okla. 585, 120 Pac. 943; *Taby v. McMurray,* 30 Okla. 602, 120 Pac. 664.

For the reasons hereinabove assigned, the judgment of the county court of Roger Mills county should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.