## CLARK v. FIRST NAT. BANK OF MARSEILLES, ILL.

### No. 2475.   Opinion Filed January 7, 1913.

#### (129 Pac. 696.)

**APPEAL AND ERROR** — Reversal — **Failure to File Briefs.** Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief, in which, with other contentions, it is insisted that the judgment appealed from is contrary to law, and is not reasonably supported by the evidence, and there is no brief filed, and no reason given for its absence, on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Robertson, C.)

*Error from Tulsa County Court;*
*S. O. Booth, Special Judge.*

Action by the First National Bank of Marseilles, Ill., against A. D. Clark. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. J. Henderson,* for plaintiff in error.

Opinion by ROBERTSON, C. This action was originally commenced in the county court of Tulsa county by defendant in error against plaintiff in error to recover a balance alleged to be due and unpaid on two promissory notes executed at Marseilles, Ill., in 1904, payment of which was secured by chattel mortgage. The record shows that by permission of the mort-

gagee the mortgagor removed the mortgaged property from Illinois to Kansas, where the same was seized and sold by a constable (without complying with the law applicable to the foreclosure of the mortgage in question), for the sum of $81, when it was worth $900, as is shown by the special findings of the trial court. The defendant, having thereafter removed from Kansas to Oklahoma, was sued by plaintiff for the balance alleged to be due on said note, and judgment rendered against him, and from which judgment he appeals.

Several important questions are involved in the correct solution of this case. Defendant in error, for reasons best known to it, has failed to favor us with a brief in support of its judgment. Plaintiff in error has filed a brief, and has raised questions therein based upon the assignments of error, which seem to sustain his view of the case, and convinces us that the judgment as entered is erroneous. As was said by Justice Kane in *First Nat. Bank of Tishomingo v. Blair,* 31 Okla. 562, 122 Pac. 527:

"This court has held a great many times that where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief, in which, with other contentions, it is insisted that the judgment and verdict appealed from are not reasonably supported by the evidence, and there is no brief filed, and no reason given for its absence, on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error."

See, also, *Rudd v. Wilson et al.,* 32 Okla. 85, 121 Pac. 252, and cases there cited.

We are therefore of opinion that the judgment of the county court of Tulsa county should be reversed and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.