HAMPTON et al. v. THOMAS et al.

No. 1747.    Opinion Filed March 11, 1913.

(130 Pac. 961.)

1.    APPEAL AND ERROR—Failure to File Brief—Review—Reversal. Where plaintiff in error has served and filed his brief in compliance with rule of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the brief appears reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition.

Hampton et al. v. Thomas et al.

2.    **APPEAL AND ERROR**—Review—Findings.  Where a case is tried before a court without a jury, as where it is tried before a jury, if there is absence of any evidence reasonably tending to support the finding of the court, the finding of the court and the judgment thereon will be set aside on appeal.

(Syllabus by the Court.)

*Error from District Court, Mayes County;*
*T. L. Brown, Judge.*

Action by Thomas C. Thomas and others against Bettie Hampton and another.  Judgment for plaintiffs, and defendants bring error.  Reversed and remanded.

*J. G. Austin,* for plaintiffs in error.

HAYES, C. J.  Defendants in error, who, with plaintiff in error Bettie Hampton, are the joint owners of a certain tract of land situated in Mayes county, brought this action against plaintiffs in error Bettie Hampton and her husband, Bert Hampton, to obtain a decree of partition, and for a money judgment against plaintiff in error Bert Hampton for rents and profits that they allege said plaintiff in error has received and collected from the land during the years 1907, 1908, and 1909.  The trial was to the court without a jury, and resulted in finding of fact in favor of defendants in error, and judgment decreeing a partition, and also judgment in their favor against plaintiff in error Bert Hampton for the sum of $175.  To reverse this latter judgment this appeal is prosecuted.

Plaintiffs in error have, in full compliance with rule of this court, filed their brief herein, but no brief has been filed by defendants in error nor excuse made for such failure.  By reason of Rule 7 (20 Okla. viii, 95 Pac. vi), where plaintiff in error has served and filed his brief in compliance with rule of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the brief appears reasonably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error.  *Ellis v. Outler,* 25 Okla. 469; 106 Pac. 957 ; *Buckner v. Okla. Nat. Bank of Shawnee et al.,*

25 Okla. 472, 106 Pac. 959; *Flanagan v. Davis et al.*, 27 Okla. 422, 112 Pac. 990; *Rudd v. Wilson et al.*, 32 Okla. 85, 121 Pac. 252.

One of the assignments of error urged in plaintiffs in error's brief for reversal is that the findings and judgment of the trial court are not sustained by the evidence. In investigating this assignment we have not only reviewed the evidence as contained in the abstract in plaintiffs in error's brief, but have carefully read the record, and are of the opinion that it should be sustained. There is an absence of any evidence tending to show that plaintiff in error Bert Hampton was in possession of the premises during the years 1907, 1908, and 1909, or that he collected the rents or received any rents or benefits therefrom for said years. There is also an absence of evidence tending to show the rental value of the land in controversy during said period of time. Where a case is tried before a court without a jury, as where it is tried before a jury, if there is absence of any evidence reasonably tending to support the finding of the court, the finding of the court and the judgment thereon will be set aside on appeal. *Reeves & Co. v. Brennan*, 25 Okla. 544, 106 Pac. 959.

There are other errors assigned in plaintiffs in error's brief, but they are without merit.

For the reasons above stated, the judgment of the trial court is reversed and the cause remanded.

DUNN, KANE, and TURNER, JJ., concur; WILLIAMS, J., not participating.