DIEVERT *et al., School Board of District No. 79,*
v. RAINEY *et al.*

No. 3302. Opinion Filed November 25, 1913.

(136 Pac. 1086.)

**APPEAL AND ERROR—Brief—Failure to File.** Where the plaintiff in error has filed brief, as required by rule 7 of this court (38 Okla. vi), and the defendant in error fails to file brief, as required by such rule, or to offer any excuse for not doing so, the court will be justified in taking as confessed the errors assigned, to the extent of reversing the judgment appealed from.

(Syllabus by Galbraith, C.)

*Error from County Court, Garfield County;*
*Winfield Scott, Judge.*

Action by Lewis Dievert, Director, and others, composing the School Board of District No. 79, Garfield County, against George Rainey and Geo. J. Emerick, on an injunction bond. Judgment for defendants, and plaintiffs bring error. Reversed.

*O. D. Hubbell,* for plaintiffs in error.

Opinion by GALBRAITH, C. In October, 1907, George Rainey instituted an action in the district court of Garfield county, Okla., against the plaintiffs in error, for an injunction, and secured a temporary injunction on executing a bond in the sum of $300, conditioned to pay all costs or damages that the defendants might sustain by reason of the issuance of the injunction, in case the same was wrongfully obtained. The bond was executed by George Rainey, as principal, and George J. Emerick, as surety, and was approved by the clerk and filed in the district court of Garfield county on October 16, 1907. The instant case was an action commenced in the county court of Garfield county to recover damages on this injunction bond. The defendants in error, as defendants in that suit, interposed a general demurrer to the amended petition, which was by the court sustained. Plaintiffs excepted to the ruling of the court, and, electing to stand on their amended petition, refused to plead further, and judgment was entered against them, dismissing the action, and for costs. They have appealed to this court by petition in error and case-made.

The one assignment of error urged by plaintiffs in error is that the court erred in sustaining a general demurrer to the amended petition. The record was filed in this court on November 15, 1911. Plaintiffs in error's brief and argument was filed on May 9, 1912. The defendants in error have filed no brief, and have offered no excuse for not having done so. Rule 7 of this court, *supra,* requires the defendant in error, as well as the plaintiff in error, to file brief and argument, but prescribes no penalty for failure to do so, except that it provides that:

"In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment, in its discretion."

The rule was announced by the territorial Supreme Court that where the plaintiff in error has complied with the rule by filing brief and argument, and the defendant in error fails to do so, the court will take the defendant's failure to comply with the rule as a confession of the alleged error, at least so far as to warrant a reversal of the judgment. *Nettograph Machine Co. v. Brown,* 19 Okla. 77, 91 Pac. 849. This rule has been followed by the Supreme Court of the state in *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957; *Rudd v. Wilson et al.,* 32 Okla. 85, 121 Pac. 252; *First National Bank of Tishomingo v. Blair,* 31 Okla. 562, 122 Pac. 527; *Clark v. First National Bank,* 36 Okla. 601, 129 Pac. 696. The brief and argument of the plaintiffs in error seem reasonably to support the contention that the court erred in sustaining the demurrer to their petition. Under the rule as announced in the above cases we feel justified in holding that this assignment of error is confessed by the defendants in error by reason of their failure to file a brief, at least to the extent of justifying an order reversing the order of the county court sustaining the demurrer.

We, therefore, hold that the judgment appealed from should be reversed, and the cause remanded to the county court of Garfield county for such further proceedings as may be proper.

By the Court: It is so ordered.