## CLARK v. FIRST NAT. BANK OF MARSEILLES, ILL.

No. 6543—Opinion Filed April 5, 1916.
Rehearing Denied May 2, 1916.
(157 Pac. 96.)

1. **Appeal and Error—Review—Successive Appeals—Law of the Case.**

The rule that the determination by the supreme court of a case upon appeal is binding and conclusive as to the law of the case in all subsequent proceedings in such case has no applicability to the reversal of a cause upon an appeal under the rule that where the defendant in error fails to file a brief this court will not search the record to find reasons to affirm the judgment. but where the brief of plaintiff in error seems to sustain the assignments of error will reverse such cause.

2. **Chattel Mortgages—Foreclosure—What Law Governs.**

Statutes of Illinois pleaded by the defendant, held to prescribe only the remedy to be pursued, and to have no extraterritorial effect.

3. **Contracts—Actions—What Law Governs.**

The law of the state where the contract is entered into determines matters bearing upon its execution. interpretation, and validity, but the law of the state where the contract is sought to be enforced determines the remedy and mode of procedure in enforcing the same.

(Syllabus by Rummons, C.)

Error from County Court, Tulsa County; Conn. Linn, Judge.

Action by the First National Bank of Marseilles, Ill., against A. D. Clark. Judgment for plaintiff, and defendant brings error. Affirmed.

J. J. Henderson, for plaintiff in error.

Hulette F. Aby and William F. Tucker, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the county court of Tulsa county by the defendant in error, hereinafter called the plaintiff, against the plaintiff in error, hereinafter called the defendant, to recover upon two promissory notes. The defendant answered the petition of plaintiff admitting the execution of the notes, and denying every other allegation; and further alleged that said notes were secured by a chattel mortgage executed by defendant in Marseilles. Ill.. under the laws of Illinois, upon certain chattels alleged to be necessary tools and implements for carrying on the business of defendant: that the defendant was the head of a family, and depended upon his business of grading and moving dirt for the support of himself and his family; that at the time of the execution of the notes and chattel mortgage, defendant was a resident of Marseilles. Ill., and that thereafter. while continuing his residence in Illinois, defendant, with the consent of plaintiff, removed the chattels to Melvern, Kan., temporarily, to do some grading work for the Santa Fe Railway Company; that while in Kansas plaintiff caused the chattels in defendant's possession to be seized by a constable, advertised, and sold under said mortgage to satisfy said notes; that said seizure was without any order of a judge of a court of record. and not by a sheriff; that the chattels so seized and sold were of the reasonable value of $991.60.

Defendant further pleads the law of Illinois relating to the foreclosure of chattel mortgages in force and effect at the time of the execution of the notes and mortgage. and at the time of the sale of the chattels in Kansas. Said provisions are as follows:

"Section 23, chapter 95, Revised Statutes of Illinois, 1903, provides:

"That no chattel mortgage on the necessary household goods, wearing apparel or mechanic's tools of any person. or family shall be foreclosed except in a court of record. No such household goods, wearing apparel, or mechanic's tools, covered by a chattel mortgage, shall be seized or taken out of the possession of the mortgagor before foreclosure. except by a sheriff, and then only after the mortgagee or his agent shall present an affidavit to a judge of any court of record. setting forth that the mortgage is due, or that he is in danger of losing his security, giving the facts upon which he relies, and shall obtain an order from such judge directing such sheriff to seize such household goods. wearing apparel or mechanic's tools. and hold them subject to the order of the court:

"Provided that nothing herein shall apply to the sale of furniture by regular dealers on the so-called installment plan. Provided. this act shall not apply to the foreclosure of chattel mortgages executed prior to the time this act shall take effect.

"Approved June 5, 1889; in force July 1, 1889."

"Section 26, chapter 95, Revised Statutes of Illinois, 1903, an act approved June 21, 1895, in force July 1, 1895, under head, 'Sale under Chattel Mortgage—How Made.' provides:

"That all sales of personal property under the power of sale contained in any chattel mortgage shall be made in the county where the mortgagor resides or where the property is situated when mortgaged. If there is more than one mortgagor, then in the county where the mortgagor in possession of the property resides at the time of taking possession by the mortgagee, and in every case where the mortgagor can be found or his or her postoffice address can be ascertained, notice of the time and place of said sale shall be given to one or more of the mortgagors three days prior to said sale and by posting a copy of said notice at the place where said goods secured by said mortgage are located at least three days prior to said sale, and upon the making of said sale the mortgagee shall make out a statement showing the items of personal property sold, the names of each purchaser and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property, and shall deliver the same to the mortgagor or some one of them in person or by mail, and if he fails so to do within ten days after said sale, the owner of said property may sue for and recover one-third of the value of the property so sold from the mortgagee or person making said sale as assignee of said mortgagee: Provided, that nothing in this act shall apply to the sale of the furniture by regular dealers on the so-called installment plan."

The answer further alleges that no notice of the time and place of the sale of the chattels was given to him; that no statement of the sale was ever furnished him, as provided by the laws of the state of Illinois; and alleges that by reason of the illegal sale of said chattels defendant has been damaged in the sum of $991.60, for which he prays judgment.

The cause was tried to the court, and submitted upon the following agreed statement of facts:

"That the goods were to be delivered to Marseilles before the mortgage fell due.

"That by the consent of the plaintiff (bank) defendant moved the property to Melvern, Kan., about May, 1905, temporarily, for the purpose of doing some grading and construction work for the Santa Fe Railroad Company.

"That the property was seized by the constable at Melvern, Kan., and by him sold at Melvern, Kan., for the total sum of $81.55.

"That the defendant (Clark) was a resident and citizen of Marseilles, Ill., at the time of the sale made by the constable about January or February, 1906.

"That the market value of the property sold was $900.

"That the defendant was at all times the head of a family and earned a living by the use of the mortgaged property.

"That the said property was necessary for carrying on his said business, and that he had no other business.

"That the property was not taken by a sheriff, by order of a judge of a court of record, nor the sale made by order of a court of record.

"That no statement of the sale as required by laws of Illinois was ever furnished the defendant after the sale.

"That the defendant was the sole owner of all the mortgaged property at all the times mentioned."

Defendant makes two assignments of error: First, that the judgment of the trial court is contrary to the agreed statement of facts and contrary to law; second, that this cause has been before this court on appeal by the defendant from a judgment rendered against him at another trial, and that the judgment of the court below is contrary to the law of the case as laid down by this court upon such appeal.

For convenience we will first examine the second assignment of error. The opinion of this court in this cause when it was before this court on the former appeal will be found in Clark v. First Nat. Bank of Marseilles, Ill., 36 Okla. 601, 129 Pac. 696. The syllabus is as follows:

"Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief, in which, with other contentions, it is insisted that the judgment appealed from is contrary to law, and is not reasonably supported by the evidence, and there is no brief filed, and no reason given for its absence, on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error."

The body of the opinion of the court is in line with the syllabus, and the court simply determined that the brief of plaintiff in error seemed to support the assignments of error contained therein and convinced the court that the judgment was erroneous and should be reversed, no brief having been filed by defendant in error. We do not think a reversal of a cause under the conditions which appear in the opinion supra constitutes such a determination of the law of the case as to come within the rule, frequently laid down by this court, that a determination of the law of a case upon an appeal is binding upon

the trial court, and upon this court, in further proceedings in said cause. In the instant case no determination was made by the court of the rules of law applicable to the facts involved and in controversy in the case. The only matter determined was that the court followed the well-established rule that where no brief has been filed by the defendant in error, and the brief of plaintiff in error seems to sustain the assignments of error, the court will not search the record to find reasons for affirming the judgment of the court below. We have been unable to find in any cases, applying the rule that the law of the case once established upon appeal is binding, a case similar to the one at bar. We think, however, the language of the Supreme Court of the Territory in State Bank of Waterloo v. City National Bank, 18 Okla. 10. 89 Pac. 206, is applicable to the situation in this case. Mr. Justice Burwell, delivering the opinion of the court in that case, says:

"On a former appeal in this case the judgment of the court below, which was for the State Bank of Waterloo, was reversed, because it was not supported by the evidence, and it is insisted here that such reversal by this court is conclusive on the court below as to such issue. There is nothing in such a position. It was clearly shown in the former trial that the cattle in controversy were included in the prior mortgage held by the City National Bank; but the case was reversed and remanded for a new trial, and we cannot consider the evidence presented by the record on the former appeal at this time, but are confined to the record now before us."

In the instant case, in order to determine whether or not the judgment of this court, in Clark v. First Nat. Bank of Marseilles. Ill., supra, is based upon the same questions of fact and law involved herein and is conclusive upon the trial court, it would be necessary for us to examine the record upon that appeal, so that we conclude that the opinion of this court above cited does not determine the law of the case so as to be conclusive upon the trial court.

In support of his first assignment of error defendant insists that inasmuch as the notes sued upon and the chattel mortgage given to secure them were executed in the state of Illinois, of which both plaintiff and defendant were residents, and were to be performed in the state of Illinois, the law of Illinois was incorporated into the contract between plaintiff and defendant, and that plaintiff was bound in enforcing its rights under the chattel mortgage to proceed in accordance with the laws of Illinois pleaded by defendant. We have examined the authorities in support of this assignment cited by counsel for defendant, but we do not find that they support the position taken by the defendant.

The general rule of law is, that matters bearing upon the execution, interpretation, and the validity of a contract are determined by the law of the place where the contract is made; matters connected with its performance are regulated by the law of the place of performance; matters respecting the remedy depend upon the law of the place where the remedy is sought to be enforced. "The first and second rules may be open to some criticism, but the third is universally admitted to be true." Elliott on Contracts, vol. 2, sec. 1199; Jones on Chattel Mortgages (3d Ed.) sec. 307. The cases cited in the brief of counsel for defendant only go to maintain the rule that the contract is to be determined as to its execution, interpretation, and validity by the law of the place of its execution; but where the cases cited touch upon the remedy, they are in conflict with the contention of defendant. In Denny v. Faulkner, 22 Kan. 89, cited by defendant, Mr. Justice Brewer, delivering the opinion of the court, says:

"The adjustment of rights, the settlement of controversies, the forcible transfers of property, must be by the officers of the state, and in obedience to the laws of the state and decrees of its courts. No foreign tribunal can exercise jurisdiction over persons or property within her borders. * * * In determining the remedies under a contract, the lex fori governs."

In Whitman v. Conner. 40 N. Y. Super. Ct. 339, cited by defendant, the court says:

"Though the New York statutes respecting usury cannot be successfully invoked against these transactions in Rhode Island, the same doctrine does not apply to those statutes which regulate the filing and renewal of chattel mortgages made there upon personal property in this state.

"It is the right of a state in which personal property is conveyed subject to a condition, without a change of possession, to prescribe such mode of recording, and of public notice, as it deems best to protect its own citizens. This is a duty under such contingencies that it owes to itself. partaking of the nature of an internal police regulation."

The sections of the statutes of Illinois pleaded by defendant relate solely to the remedy to be pursued by the mortgagee in case of a breach of the conditions of the mortgage. They do not in any manner affect its validity or its interpretation, and the universal rule that laws relating to the remedy can have no extraterritorial effect is applicable thereto. The case of Wagner v. Minnie Harvester Co., 25 Okla. 558, 106 Pac. 969, can afford but little comfort to the defendant. Mr. Justice Williams, delivering the opinion of the court, says:

"If this was a Missouri contract, the laws of that state and not of Oklahoma Territory.

both as to contract and substantial defenses provided by statute affecting the contract or obligation apply. * * * Likewise, if it was a Minnesota contract, neither the laws of Missouri nor Oklahoma Territory affecting such contract govern, but those of that state. In that event, as the laws of Minnesota have neither been pleaded nor proved, they are presumed to be the same as were in force in the territory of Oklahoma. * * * However, as to remedy and procedure, the lex fori prevails."

In the instant case the statutes of Illinois pleaded afford no defense to the claim of the mortgagee to apply the mortgaged chattels to the satisfaction of its debt, but only govern the procedure to be pursued by it in having such chattels applied to the satisfaction of such debt. They further provide the penalty that may be recovered by the mortgagor in the event the mortgagee fails to strictly follow the remedy prescribed by the statute. But such penalty constitutes an independent claim of the mortgagor against the mortgagee, and is not made a defense to the debt secured by the mortgage. So that the case of Wagner v. Minnie Harvester Co., supra, cannot be applicable in support of the contention of defendant.

We are not unmindful of the case of Purcell v. Barnett, 30 Okla. 605, 121 Pac. 231, in which this court held that the power of sale contained in a trust deed of real estate executed in the Indian Territory while the laws of Arkansas were in force therein could be enforced after statehood; but in that case the court held that the right to exercise the power of sale contained in the trust deed, which was valid under the laws of Arkansas, was not a question of procedure alone, but that it involved the rights of parties as fixed by solemn contract. In the case at bar it does not appear that any of the rights of the defendant under his contract with the plaintiff were invaded; so that, we think, the instant case is clearly distinguishable from Purcell v. Barnett, supra, inasmuch as the sole question involved in this assignment of error is whether or not the plaintiff pursued the proper remedy in enforcing its chattel mortgage.

No complaint is made in the pleadings or in the brief as to the regularity of the sale of the mortgaged chattels under the laws of Kansas where they were situated at the time of sale, and as error is not to be presumed the plaintiff must be considered to have followed the prescribed procedure for foreclosure of a chattel mortgage under the laws of Kansas. We are of the opinion that the laws of Illinois pleaded by defendant could have no applicability in the state of Kansas where plaintiff sought to enforce his chattel mortgage, and that the plaintiff having followed the remedy prescribed by the laws of Kansas, and having sold the mortgaged chattels in accordance with such law and applied the proceeds to the satisfaction pro tanto of the indebtedness secured by the mortgage, the defendant cannot be heard to complain.

We therefore conclude that the judgment of the trial court was right, and should be affirmed.

By the Court: It is so ordered.