## SMITH v. WHITLOW et al.

No. 6092—Opinion Filed June 27, 1916.

(159 Pac. 258.)

### Appeal and Error—Briefs—Effect of Failure to File—Reversal.

Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error, or the rights of the parties.

(Syllabus by Davis, C.)

Error from District Court, Carter County; S. H. Russell, Judge.

Action by C. R. Smith against Paul Whitlow and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

Potterf & Walker, for plaintiff in error.

Opinion by DAVIS, C. The petition in error, with the case-made attached, was duly filed in this court on the 27th day of February, A. D. 1914. The plaintiff in error filed his brief on August 7, 1914, but up to this date the defendant in error has not filed any brief or motions of any kind or offered any excuse for such failure. It is a well-established rule of this court that when the brief of the plaintiff in error reasonably appears to support the assignments of error, the court will not search the record to ascertain some possible theory on which the case may be affirmed, but if the assignments of error appear to be reasonably supported by the record, the case will be reversed. Butler v. McSpadden, 25 Okla. 465, 107 Pac. 170; Dievert et al., School Board of District No. 79, v. Rainey et al., 41 Okla. 31, 136 Pac. 1086. Upon examination of the record in this case we are of the opinion that the assignments of error herein are reasonably supported by said record. We, therefore, invoke and apply said rule in this cause.

The judgment of the lower court is reversed, and the cause remanded to the district court of Carter county, Okla., with instructions to set said judgment aside and to set aside the order of court overruling the plaintiff's motion for a new trial, and to enter an order sustaining the same, and to grant a new trial in said cause, and for such further proceedings as may be proper under the law.

By the Court: It is so ordered.