## J. I. CASE THRESHING MACHINE CO. v. BARNEY et al.

No. 10142—Opinion Filed June 14, 1921.

(Syllabus.)

### Appeal and Error—Failure to File Brief—Reversal.

Where plaintiff in error has served and filed his brief in compliance with rule of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the brief appears reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by the J. I. Case Threshing Machine Company against W. H. Barney and others on notes and chattel mortgage. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Keaton, Wells & Johnston and T. J. Womack, for plaintiff in error.

E. W. Snoddy and J. P. Grove, for defendants in error.

KANE, J. This was an action upon several promissory notes and to foreclose a chattel mortgage given to secure their payment, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. The cause has been before this court before, coming up on the issue of conversion, which issue was decided in favor of the plaintiff in error (J. I. Case Threshing Machine Co. v. Barney et al., 54 Okla. 686, 154 Pac. 674). Upon the former trial the court, after allowing the introduction of certain testimony, struck the same from the record upon the motion of the plaintiff upon the ground that it tended to vary the terms of the written instruments involved. Upon the new trial the trial court admitted this testimony in evidence, not, as he says in his conclusions of law, for the purpose of varying the terms of the written instruments, but for the purpose of proving a separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instruments. This is the first ground for reversal assigned, and counsel for plaintiff in error say that the question thus raised is open for review on this second appeal because the case at the last trial in the district court was considered upon written record previously made, and not on oral proof.

In support of this proposition counsel cite the Faulkner Case (Neb.) 115 N. W. 113, the Parsons Case (Idaho) 115 Pac. 8, and Hatch v. Smith (Kan.) 50 Pac. 952, which seem to sustain their view of the law

Counsel for plaintiff in error have fully and ably briefed this and the other grounds for reversal presented for review, citing many authorities which seem to support their contentions. The defendant in error has neither filed a brief nor given any reason for not doing so, although the time for filing a brief has long since expired. In these circumstances the case seems to fall within the rule laid down by this court in an unbroken line of decisions to the effect that, where plaintiff in error has served and filed his brief in compliance with the rule of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the brief appears reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition. Hampton v. Thomas, 35 Okla. 529, 130 Pac. 961; Dievert v. Rainey, 41 Okla. 31, 136 Pac. 1086; Butler v. Gill, 34 Okla. 814, 127 Pac. 439; Clark v. First

Nat. Bank, 36 Okla. 601, 129 Pac. 696; Purcell Bridge & Transfer Co. v. Hine, 40 Okla. 200, 137 Pac. 668.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.