**EMPIRE FUEL & GAS CO. et al. v. DENNING.**

No. 17609. Opinion Filed Dec. 6, 1927.

(Syllabus.)

1. **Appeal and Error—Review—Questions of Fact—Right to Exemplary Damages —Verdict.**

Where questions of fact upon which plaintiff bases his right to recover exemplary damages are submitted to the jury, this court will not disturb a judgment rendered on the jury's verdict. where there is any evidence reasonably tending to support it.

2. **Landlord and Tenant—Lease on Shares —Damages to Crop—Tenant's Right of Action.**

Where a tenant cultivates crops under a rental contract providing that he shall pay a portion of the crop as rents and shall gather same and deliver to the landlord his part, the tenant has a right to the possession of the entire crop until same is gathered and divided, and can maintain an action for damages for its destruction or injury. Yeldell v. Hines, 73 Okla. 1. 174 Pac. 229.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by C. A. Denning against the Magnolia Petroleum Company, the Empire Gas & Fuel Company et al. Judgment for plaintiff, and defendants appeal. Affirmed.

See. also, 128 Okla. 146, 261 Pac. 931.

C. C. Julien and J. J. Hedrick, for plaintiff in error Empire Gas & Fuel Company.

Karl F. Griffith and Womack, Brown & Cund, for plaintiff in error Lone Star Gas Company,

W. P. Z. German and A. F. Molony, for plaintiff in error Skelly Oil Company.

B. B. Blakeney and Hubert Ambrister, for plaintiff in error Magnolia Petroleum Company.

H. B. Lockett, for defendant in error.

PHELPS, J. Appellee filed his suit in the district court of Stephens county praying for damages done to his crops when appellants allowed oil and salt water to escape from their oil wells and flow onto his premises. From the judgment rendered on the jury's verdict, finding in his favor in the sum of $500 actual damages and $300 punitive damages, this appeal is prosecuted.

It is contended by appellants that the evidence does not support the verdict for punitive damages. It appears that appellee's premises were situated near a depression or stream known as Dry creek in which there was little water except during rainy seasons; that the oil wells of appellants were drilled near this creek above appellee's premises and that oil and salt water escaped into this creek and was by the flood waters carried down upon appellee's premises, resulting in the damages complained of. The evidence showed that appellants provided depressions or earthern tanks near their oil wells into which they drained salt water and waste or refuse oil known in the parlance of oil producers as "b.s." The evidence shows that these tanks were provided with drain pipes and that when they were filled the salt water was drained off and allowed to run down Dry creek, and that also considerable quantities of oil were allowed to flow down this creek.

It is the contention of appellants that. having erected these earthern tanks, they used ordinary precaution to prevent the oil and salt water from escaping, and having exercised this precaution, should not be penalized by being required to pay punitive damages. This contention thus became a question of fact for the jury to determine, and we are convinced from an examination of the record that this finding of the jury is amply supported by the evidence.

A number of witnesses testified that appellants, for several years, allowed this oil and salt water to escape and drain into Dry creek with no more than perfunctory effort to prevent it from doing so. One witness, a former conservation officer, testified that he had visited these appellants "in an effort to try to get them to take care of their waste oil and salt water."

Section 7969. C. O. S. 1921, provides that:

"* * * All waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

And in Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 Pac. 20, this section of the statute was under consideration, when this court said:

"Where oil is produced and stored on the premises it is the duty of the owner thereof to impound and retain it, and if he allows it to escape, he will be required to respond to any damage that may be occasioned to his neighbor as a direct and proximate result of such escaping oil; it being negligence per se to allow the oil to escape, provided that the person injured is free from negligence contributing to the injury."

Appellants complain of instruction No. 9, which reads as follows:

"You are instructed, gentlemen of the jury, that if you should find for the plaintiff and against the defendants, or any of them, actual damages, and if you further find that the said defendants in permitting waste oil, salt water, or other refuse to escape from their wells and tanks have been actuated by malice, fraud, oppression, or such gross neglect as indicates a reckless disregard for the rights of others, then and in that event you may find for the plaintiff and against the defendants, if you find they were so actuated, damages in addition to actual damages any sum not to exceed $1,000 as exemplary damages."

It is impossible to read the above-quoted section of our statutes defining appellants' duty and then read the evidence of the witnesses without reaching the conclusion that appellants' conduct in failing to control the waste oil and salt water was in "reckless disregard for the rights of other," and it was doubtless upon this phase of the instruction that the jury reached its verdict.

Counsel for appellants, however, urge that the use of the word "fraud" in the above-quoted instruction, when no fraud was pleaded in the petition was error. We agree that since there was no fraud pleaded and no evidence tending to establish actual fraud, this part of the instruction was erroneous, but it was doubtless given by the court in defining and attempting to convey to the minds of the jurors what is meant by the term "exemplary damages," and we cannot agree that the word "fraud," used in the instruction, in any way influenced the jury in reaching its verdict or in any manner prejudiced the rights of appellants, and, under section 2822 C. O. S. 1921, we are bound to conclude that the use of this word was, at most, harmless error.

It appears that the crops damaged or destroyed were being grown by appellee upon lands belonging to another person and that for the use of the lands he was to pay the owner thereof a portion of the crops, and it is the contention of appellants that appellee could not maintain an action for the total amount of the alleged damages. This contention, however, seems to be based upon the assumption that appellee was a "cropper," but in Halsell v. First National Bank, 109 Okla. 220, 235 Pac. 532, this court said:

"The difference between a 'cropper' and a 'tenant' is that the 'cropper' is a hired hand paid for his labor with a share of the crop he works to make and harvest. He has

no exclusive right to possession and no estate in the land nor in the crop till the landowner assigns him a share. The 'tenant' has exclusive right to possession of the lands he cultivates and an estate in the same for the term of his contract, and consequently he has a right of property in the crop."

The evidence in the instant case clearly establishes the fact that appellee was not a "cropper," but a "tenant" of the landlord who owned the land, and appellants' contention is, therefore, not tenable. They also cite authorities from other states to support their contention but that question has been decided adversely to them by this court, the last expression of which, that has been called to our attention, being Yeldell v. Hines, 73 Okla. 1, 174 Pac. 229. This authority is directly contrary to the contention made by counsel for appellants and supports the authority upon which the cause was tried and the judgment rendered thereon.

The judgment of the district court is, therefore, affirmed.

All the Justices concur.

Note.—See under (1) 4 C. J. p. 873, §2847; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (2) 36 C. J. p. 700, §1941; p. 711, §1957; anno. 8 A. L. R. 605; 8 R. C. L. p. 378; 2 R. C. L. Supp. p. 605.