### MAGNOLIA PETROLEUM CO. et al. v. HOUSTON.

No. 20467. Opinion Filed March 29, 1932.

Blakeney & Ambrister, Karl F. Griffith, Joe T. Dickerson, Jas. A. Veazey, L. C. Owen, Walter Davison, and Womack, Brown & Cund, for plaintiffs in error.

H. B. Lockett, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Stephens county, Honorable M. W. Pugh being the trial judge.

The petition in the case is rather short, and was filed on the 12th of July, 1924. It is rather indefinite as to who the defendants are, and as to whether they are private individuals or corporate bodies. The defendants complained of are: Magnolia Petroleum Company, Carter Oil Company, I. R. McQueen, Skelly Oil Company, Empire Oil Company, Healdton Oil Company, McMann Oil & Gas Company, Terminal Oil Company, Westheimer & Daube, All American Oil Company, Lone Star Gas Company and others, and Amerada Oil Corporation. Who the others are is not set out in the petition, but it is alleged that the defendants named, and each of them, for two years past had been engaged in the business of drilling for, producing, and preserving oil and gas in, on, and near what is known as the Empire Oil Fields and along what is known as Dry creek and its tributaries in Stephens county.

It is alleged that they and each of them had accumulated quantities of waste oil, salt water, and other substances, and had carelessly and negligently permitted the same to escape from wells, tanks, and other receptacles, and from the pipe lines in which said oil was being transported, and had permitted the same to escape into Dry creek and its tributaries, and on occasions of heavy rains had permitted the same to be washed upon the property of J. P. Houston, during the years 1922, 1923, and 1924, thereby causing loss, damage, and injuries, as set forth in three causes of action.

The land involved was the southwest quarter of section 2, township 2 south, range 8 west. It is averred in the petition that, during the year 1922, plaintiff had 32 acres of land on and over which oil and salt water flowed and settled during the year, and that in the year 1923 the plaintiff owned 32 acres of said land over which oil and salt water flowed and settled during said year, and in the year 1924 he had the same 32 acres of land on and over which the said oil and salt water flowed and settled in said year, injuring and damaging the said land in the sum of $2,500. He demanded $2,500 for this.

The second cause of action averred that he had a one-third interest in 32 acres of corn planted on the land in the year 1922, and that if the corn had matured it would have produced 30 bushels to the acre and been worth $1 a bushel. He averred damage thereby to have been $320 for the year 1922.

A third cause of action was that, in the year 1923, he had a one-third interest in 32 acres of corn planted on the land, and the corn was injured and damaged, causing its entire loss, and his damage for that year was laid at $320. After laying his damages as stated, further allegation was made for exemplary damages, which is as follows:

"The plaintiff further alleges that the acts of the defendants, and each of them, as hereinbefore alleged, were done knowingly and with a knowledge that the flowing of said oil and salt water would produce the damage alleged by plaintiff, not only to the plaintiff, but to all other persons owning and having property on said stream and its said tributaries.

"Wherefore, the plaintiff says that he is entitled to recover from the said defendants, and each of them, exemplary or punitive damages in the sum of $1,000."

The prayer for entire damages was for $4,100, and the petition was marked "Lien Claimed." The first 171 pages of the record set out the various demurrers, motions, and answers of the various defendants. All the named defendants appeared and issues were joined after various motions and demurrers.

I. R. McQueen filed an answer, which is a general denial and an express denial of permitting the waste substances getting into the creek, permanent pollution by salt water, oil, etc., and the two-year statute of

limitation (Comp. Stat. 1921, sec. 185, subd. 3), and the answer contains a demurrer and denial of malice, and alleges skillful operation and inability of plaintiff to recover, and "damnum absque injuria," and that he had no interest in the property until the 22nd of May, 1923, and a liability on his part only since May 22, 1923, and only one-fourth interest by him in a 10 acres, and if he was liable, he was only liable for such damages as his ownership had occasioned since May 22, 1923.

An amendment was filed to the petition on the 27th of November, 1925, averring the acts were done knowingly and with knowledge that the oil and salt water would produce the damage alleged, and that the defendants had this knowledge from the year 1920 up to the date of filing the amendment, and it sets out section 4324, Rev. Laws 1910, concerning inflammable products and salt water, and calls attention to a fine of $500 and imprisonment not to exceed 20 days for violation of the law, and draws the deduction that the acts were done knowingly and with fraud and malice, and gross negligence, and reckless disregard of the interest of the plaintiff and others and of the public, and alleges damage not only to the plaintiff but to other people, and avers that the defendants and none of them had ever been prosecuted or made to pay a fine for these various offenses, and draws the deduction that the plaintiff, by virtue thereof, in addition to his actual damages sustained, is entitled to exemplary or punitive damages in the sum of $5,000, and the petition is indorsed "Lien Claimed." Replies were filed setting up the matters that were relied upon to cut off the pleas of the statute of limitation that were made by the various defendants.

There was a motion made by Dora Houston for a revivor, which is as follows, omitting the caption:

"Comes now Dora Houston and states that J. P. Houston, the plaintiff in the above cause, is dead, that he died on the 10th day of March, 1928, and that she was his lawful wife and at the time of his death and by legal will of said plaintiff, she succeeds to all his rights and interest in the cause of action sued upon in said cause and she prays that said action be revived in her name and that she permitted to prosecute the action on her own behalf."

Magnolia Petroleum Company, Skelly Oil Campany, Lone Star Gas Company, Empire Gas & Fuel Company, Carter Oil Company, McMann Oil Company, and Healdton Oil Company filed a written consent to this revivor, the language being: "* * * reviving said cause in the name of the said Dora Houston in accordance with her motion above set out."

When the trial was started, objection to revivor in her name was made upon the ground that the attorneys consenting thought that the case would be revived in her name as executrix, but the court overruled it, and case proceeded in her name as plaintiff.

On behalf of the plaintiff there appeared and testified 16 witnesses. A demurrer to the evidence was overruled, and there appeared on behalf of the defendant 17 witnesses. At the conclusion of the evidence, plaintiff dismissed her cause of action for land damage, and dismissed her action for exemplary damages as to all except $1,000, and the crop damages as to all except $450. In addition to cutting down the amount demanded and the things demanded, it reduced the number of defendants, dismissing as to the Empire, Healdton, and McMann Companies, and leaving the Lone Star, Magnolia, Skelly, and Carter Companies to fight the battle alone, to which they objected upon the ground that it would give jurisdiction to the court because the remaining defendants were all foreign corporations. The record does not appear to show what became of McQueen. The court gave several instructions upon actual damage and exemplary damages and recited the substance of the pleadings and gave the amount of damage the plaintiff asked for as being $225 actual damage to crop in 1922, and $225 actual damage to the crop in 1923, and $1,500 as permanent damage to the land in 1924, and exemplary damage, $750. There were some instructions given about the doing of things that would cause a waiver of the statute of limitations. The jury returned unanimous verdict as follows:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff and fix the amount of her recovery at $50 as actual damages for the year 1922; and $50, as actual damages for the year 1923, and the sum of $300 as exemplary damages."

Judgment was rendered in accordance with the verdict, motion for new trial filed and overruled, and case brought here.

The briefs in the case are rather short, considering the length of the record, and the plaintiff in error insists upon two points, the first being the revival in the name of the defendant in error, the widow of the

deceased plaintiff. The record is silent as to whether this was the homestead, or the value of the estate, or as to whether she qualified as executrix. According to the allegation in the application to revive, defendant in error was the sole person in interest in the cause of action. By the language of the writing showing consent, this condition is admitted.

The statute, section 833, C. O. S. 1921, provides that, on the death of the plaintiff, the action may be revived by his representatives to whom his right is passed, and some cases are cited holding that an action for money on a foreign judgment could not be maintained by a devisee under the will of a deceased plaintiff; some as to the reviving in the name of the administrator; some as to reviving in the name of the heir. Zahn v. Obert, 60 Okla. 118, 159 P. 298; Glazier v. Henebuss, 19 Okla. 316, 91 P. 872; McKay v. Watson, 40 Okla. 354, 137 P. 1177, and Presbury v. Pickett, 1 Kan. App. 631, 42 P. 405, are cited. However, in view of the positive agreement in this case, and in view of the fact that our statute, section 209, C. O. S. 1921, requires that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article," we see no reason for reversing this case on account of the recovery being in the name of the widow, as it is admitted that she was entitled under the will to all the property that is here involved.

The second point urged in the brief is that the court erred in submitting to the jury the damage to the crops in 1922, and a good deal of the testimony is recited on that subject, and an effort is made to distinguish the case of Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 P. 218. An inspection of that case, however, shows that there was sufficient evidence, according to it, adduced in this case to warrant the jury in finding that by reason of the effort to settle the case in the manner detailed in this evidence, the statute of limitation was not availing in this case. No question appears to be raised as to whether or not the evidence justified the amount of the verdict or the kind of verdict.

The brief on behalf of the defendant in error claims that every question involved in the case had been settled by this court in a series of damage cases arising out of the same state of facts as are those in evidence in this case, and states that Empire Gas & Fuel Co. v. Denning, 128 Okla. 145, 261 P. 929; Empire Gas & Fuel Co. v.

Weddell, 128 Okla. 146, 261 P. 931, and Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 P. 218, contain the reports of the cases and opinions that settled this question. They cover the damage and limitation questions here involved.

Under the circumstances we do not deem it necessary to further review the matter, or to go into detail as to the instructions given or the damages allowed. It appears, however, that evidently one of the defendants was lost in the case, and that one that was dismissed from the case is a party to the supersedeas bond, namely the Healdton Oil & Gas Company.

Finding no reversible error, the cause is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL JJ., concur. ANDREWS, J., dissents. HEFNER, J., absent.