## SHELL PETROLEUM CORP. et al. v. WOOD.

No. 21881.    May 15, 1934.

H. C. Thurman, Thompson, Mitchell, Thompson & Young, John M. Thompson, and Lee B. Thompson, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendant in error.

PER CURIAM. This is a companion case to Shell Petroleum Corporation et al. v. Muriel Wood, No. 21880, this day decided, 168 Okla. 721, 32 P. (2d) 879. By agreement of the parties they were consolidated for the purpose of trial, but separate verdicts were rendered, and they have been briefed together. The opinion in that case is adopted as part of the opinion in this case.

The plaintiff, F. M. Wood, is the husband of Muriel Wood, plaintiff in case No. 21880, and this action was filed by him to recover for medical and hospital bills incurred in treating his wife for the injuries which she sustained in said accident, and for loss of her services as a wife.

The evidence bearing on the amount of damages was as follows: That Mrs. Muriel Wood was 23 years of age at the time of the accident; that she was permanently injured, and will be a cripple the remainder of her life; that she is unable to perform her household duties, and plaintiff is compelled to employ some one to do most of her work, and such help costs from $4 to $7 per week; that she was in the hospital for more than five months, and the hospital bill was $1.046 and the medical and surgical bill was $635. The testimony as to the hospital bill, and the medical and sur-

gical bill, was given by the attending physician who was also in charge of the hospital. The plaintiff failed to prove specifically that these charges were reasonable, and after both sides had rested, the defendants requested the court to strike from the record all the testimony as to expenses incurred and the value of the services of Mrs. Wood, which request was denied by the court.

The defendants make the same assignments of error in this case as in said cause No. 21880, and further assign as error the action of the court in submitting to the jury, as part of the measure of damages, the medical bills and other expenses. The plaintiff, in his petition, asked for damages in the sum of $25,000. The jury returned a verdict for $5,000, on which judgment was rendered. No complaint is made, either in the motion for new trial or in the petition in error, that the verdict is excessive. The defendants did not submit a requested instruction as to the measure of damages. Under these circumstances, and under the following authorities, the error, if any, will not justify a reversal. Palacine Oil Co. v. Philpot, 144 Okla. 123, 289 P. 281; St. Louis-S. F. Ry. Co. v. Loftus, 109 Okla. 141, 234 P. 607; Fort Smith & Western R. Co. v. Moore, 66 Okla. 322, 169 P. 904.

Judgment affirmed:

The Supreme Court acknowledges the aid of District Judge Thurman S. Hurst, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.