## KEENER OIL & GAS CO. v. STEWART et al.

No. 24859. May 7, 1935.

M. E. Michaelson and J. T. Shipman, for plaintiff in error.

Charles W. Pennel, for defendants in error.

PER CURIAM. Plaintiff in error was defendant in the court below, and defendants in error were plaintiffs in the court below. Said parties will hereinafter be referred to as they appeared in the court below.

Plaintiffs instituted this action to recover damages on account of salt water having escaped from the defendant's oil wells and premises upon and across the lands and premises of the said plaintiffs.

Plaintiffs allege that they suffered damages as the result of the negligence of the defendant as follows: Loss of use of premises for agricultural and grazing purposes for two years prior to the filing of this action, $120 per year; loss of the use of the premises for pasture for seven months following the institution of this action, $70; loss by reason of turkeys becoming sick and dying on account of drinking said salt water, $60; loss by reason of permanent damage to land, $200, which amounts in all to $570. Plaintiffs further ask for $425 punitive damages.

Defendant answers by general denial, statutes of limitation, and pleaded a settlement with another oil company which they allege caused all of plaintiffs' damages. To which answer plaintiffs filed their reply consisting of a general denial, and allege that the damage settled for in the previous action against another oil company occurred prior to the damages alleged in their petition against the defendant.

The cause was tried to a jury and resulted in a verdict and a judgment in favor of the plaintiffs in the sum of $570 actual damages and $125 punitive damages. Motion for new trial was filed, and overruled, to which ruling of the court the defendant excepted and gave notice in open court of its intention to appeal said cause to the Supreme Court.

The evidence introduced was sufficient to prove that salt water from defendant's oil wells drained onto the plaintiffs' premises.

Although the proof of damages sustained by the plaintiffs is slight, it is sufficient to support the verdict and judgment in part.

First. The proof does not show any aggravated circumstances sufficient to justify the submission to the jury by the trial court of the question of exemplary or punitive damages.

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent." Aaronson et al. v. Payton, 110 Okla. 114, 236 P. 586.

Second. The court also submitted to the jury the question of future profits on an item of $70 alleged to have been lost by reason of plaintiffs' being unable to use the premises for seven months following the date of the filing of their petition. We hold that the evidence is not sufficient to justify the submission of this item of damages to the jury by the trial court.

"As a general rule, anticipated profits of a commercial or other like business are too remote, speculative, and dependent upon uncertainties and changing circumstances to warrant a judgment for their loss. The exception to this rule is that the loss of profits from the destruction or interruption of an established business may be recovered, where it is made reasonably certain by competent proof what the amount of the loss actually is; and such damages must be established, not by guesswork, conjecture, uncertain estimates, or mere conclusions, but by tangible facts from which actual damages may be logically and legally shown or inferred." Collinsville v. Brickey, 115 Okla. 264, 242 P. 249.

From the examination of the entire record, we are of the opinion that the judgment of the trial court should be modified to the sum of $500, and that said judgment, as modified, should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys C. L. Armstrong, R. O. Wilson, and J. E. Burns in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Armstrong and approved by Mr. Wilson and Mr. Burns, the cause was assigned to a Justice of this court for examination

and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.