## RUTH FUEL CO. v. NICHTER et al.

No. 24272. Nov. 19, 1935.

Rowland & Talbott, for plaintiff in error.

Chas. W. Pennel, for defendants in error.

WELCH, J. Plaintiffs instituted this action in the trial court to recover damages resulting from salt water permitted to flow from defendant's lease over plaintiffs' land.

Trial resulted in a verdict and judgment for plaintiffs for $967.50, being $467.50 actual damages to personal property and the land, and $500 exemplary damages, and from that judgment the defendant appeals.

Inasmuch as our determination may result in a retrial of the cause, we shall refrain from a detailed discussion of the evidence.

In considering the contentions of the parties we find it beneficial to separately consider the actual damages awarded from the exemplary damages awarded.

As to the actual damages, the defendant insists that the verdict is not supported by the evidence, and that in any event the damages awarded are excessive, and that errors of law require a reversal. While the values and items of damage as fixed by the jury are high and extend to the full amount for which suit was brought, yet those were questions of fact for the jury. Each such determination is supported by competent evidence. The jury viewed the premises, and observed the witnesses, and chose to believe the evidence most favorable to the plaintiff as to the various items. In such case we will not weigh the evidence, but will follow the determination of the jury as to the correctness of the amount of the several items of actual damage.

The defendant alleges error in the conduct of the trial, and that the result was an unfair trial on account of misconduct of plaintiffs' counsel in the propounding of leading questions and in the presentation of improper argument to the jury. Proper objections were not made, however, by the defendant in due time. From the entire record we are not able to say that any prejudice to the defendant probably resulted, and we find no error in this regard requiring a reversal as to the actual damages.

The defendant urges that the jury were not properly instructed as to the two-year period over which the plaintiffs might recover. We find, however, that this period was properly mentioned at one point of the court's instructions, and that many times in the course of the trial the attention of the jury was specifically directed to that period, as to the proof. No specific instruction as to that point was requested by the defendant, and from the entire record it is clearly apparent that the right of the plaintiffs was properly restricted to that proper period of time.

As to the exemplary damages, the defendant urges that the issue thereon was not properly submitted to the jury, and that the court erred in refusing to give the defendant's requested instruction, and that the verdict awarding exemplary damages is not supported by any evidence. We find that the defendant in proper form requested an instruction presenting its side or theory of the rule of law as to the awarding of exemplary damages, and the requested instruction was to advise the jury, in substance, that if the evidence failed to show the defendant guilty of conduct justifying exemplary damages, then and in that event the plaintiffs would not be entitled to recover exemplary damages. This court has held repeatedly that it is error for the court to refuse a requested instruction properly drawn and presenting defendant's theory to the jury. Illustrative cases are Holmboe v. Neale, 69 Okla. 183, 171 P. 334; Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436; J. Crouch & Son v. Huber, 87 Okla. 83, 209 P. 764.

The evidence merely shows that prior to the filing of this suit the plaintiffs on various occasions complained to the defendant as to some damage caused or some threat of damage. There is also evidence of a personal altercation or encounter between plaintiffs and an employee of defendant immediately prior to the filing of this action. However, there is nothing whatever to indicate that the defendant had any desire or intention to injure the plaintiffs or any of his property, nor that the defendant or any employee held any malice or ill will toward plaintiffs, nor that the defendant was in any manner guilty of willful wrong toward plaintiff, nor oppression nor such gross neglect as would in any sense indicate a reckless disregard for the rights of the plaintiffs. That being true, the evidence as presented is not sufficient to support the award of exemplary damages, for there is no evidence to support the verdict as to that award.

The plaintiffs insist that their right to exemplary damages is supported by Magnolia Petroleum Company v. Houston, 156 Okla. 152, 9 P. (2d) 915, and Empire Gas & Fuel

Co. v. Denning, 128 Okla. 145, 261 P. 929. The opinion in the Houston Case discloses that the verdict included an award for exemplary damages, but the question as to the propriety of that award is in no manner discussed in the opinion, the court stating in the body of the opinion that:

"No question appears to be raised as to whether or not the evidence justified the amount of the verdict or the kind of verdict."

In the Denning Case this court sustained an award of exemplary damages. The opinion does not detail or reflect the evidence, but it was stated by the court that it was impossible to read the evidence without reaching the conclusion that the defendant's conduct was there shown to be in reckless disregard of the rights of plaintiffs. With the rule of law therein announced we do not quarrel, but the evidence here justifies no such conclusion as to the action of this defendant.

We, therefore, conclude that the judgment of the trial court must be reversed, and the cause remanded to the trial court with directions to grant defendant a new trial, unless the plaintiffs shall within 30 days from the spreading of the mandate of record in the trial court file a remittitur in the sum of $500, being the amount of exemplary damages awarded, and that if plaintiffs shall fi'e such remittitur in due time, then that the judgment for the plaintiffs in the sum of $467.50, actual damages, should be affirmed.

Inasmuch as the cause may be retried, we deem it proper to pass upon defendant's specification of error in the admission of experiment evidence. Over the defendant's objection the court permitted plaintiffs to display to the jury the result of an experiment in the pouring of salt water upon two small jardiniere plants of "alternathera," described as a foliage plant. This experiment forcefully demonstrated the effect on these plants of whatever quantity of salt water had been poured upon them, but that result was too far removed and too remote from the issues in the case to be of any aid to the jury in arriving at the truth of the matters here in dispute, and such evidence might well be wrongfully prejudicial in such a trial. It is well settled that experiment evidence may in a proper case be admissible where the material facts bearing on a particular issue are precisely duplicated in the experiment, but the criterion for the admissibility of such evidence is whether such evidence tends to enlighten the jury and enable them to more intelligently determine the issue presented. Where the experiment offered is inconclusive or raises, or may raise, a number of collateral issues, or is not a sufficiently precise duplication of material facts bearing on a particular issue, then such evidence should not be admitted. See 22 C. J. 755. We hold the admission of this evidence to be error. Under all of the facts and circumstances here shown, we do not deem that error sufficient to require a reversal of the judgment in so far as concerns the actual damages awarded, but in the event of a new trial an objection to such evidence should be promptly sustained.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for a new trial, unless the plaintiffs shall in due time file remittitur for the $500 exemplary damages and in the event of the timely filing of such remittitur, the judgment for plaintiffs for $467.50 actual damages is affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.