## NATIONAL SECURITY FIRE INS. CO. OF OMAHA, NEB., et al. v. BOATMAN.

No. 27194.   June 1, 1937.

Rehearing Denied July 6, 1937.

Application for Leave to File Second Petition for Rehearing Denied
Sept. 21, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiffs in error.

Steele & Boatman, for defendant in error.

CORN, J. This is an appeal from certain judgments rendered by the superior court of Okmulgee county, Okla., against the plaintiffs in error, upon certain fire insurance policies covering the contents of a paint and glass store, belonging to Geo. W. Goodwin, located at Enid, Okla.

Defendant in error sued in the court below as assignee of these policies, a fire loss having occurred to the merchandise and fixtures on March 12, 1934. The parties will be referred to as in the trial court.

There were six policies of insurance, written by six different companies. All of the companies were named in the petition, and they all answered separately in the trial court. The petition alleged a loss of $3,177.67, and judgments totaling that amount were given in the trial court against all the defendants, each judgment representing the proportionate amount of insurance carried in that defendant company. Separate motions for new trial were overruled, and the defendants appeal from the judgments.

In the motions for new trial the defendants set up 16 assignments of error. Upon appeal to this court three assignments of error were made, which were condensed in the appeal brief to two propositions. These propositions will be dealt with in the order submitted.

In the first assignment of error the defendants set up that it was the duty of the trial court to properly instruct the jury upon the measure of damages to be applied under the provisions of the policies sued upon. The defendants insist that the trial court failed to instruct the jury upon the proper measure of damages to be applied, in the event they found the other issues in plaintiff's favor.

The policies upon which the recovery for loss was based, provided that in case of loss the insured had to make a proper proof of such loss within a stated period. After the fire, and within the proper time, Goodwin made a statement to the different companies showing his loss to be in the amount of $3,177.67. At the trial the defendants demurred to the evidence on the ground that the plaintiff's testimony was insufficient to prove loss or damage in accordance with the terms and methods of ascertaining the

amount of loss as provided in the policies. Further, that the evidence showed that no proof of loss was ever furnished as required by the conditions of the insurance contracts. Evidence that Goodwin furnished notarized statements of the amount of loss was finally admitted, but the jury was instructed that the $3,177.67 loss testified to and submitted by Goodwin was only a statement of loss, and not evidence of loss.

The situation then is this: The plaintiff made a statement of loss, and the defendants now contend that this was not evidence of loss, that there was no evidence of the actual amount of loss, and that the plaintiff failed to fulfill the contract. The defendants requested certain instructions, which the court refused, and they now complain that under the instructions the court gave there was no instruction as to the proper measure of damages, urging that under the previous rule as heretofore announced by this court, this was prejudicial error.

The record shows that the trial court never laid down an exact rule for the jury to apply in the instant case. However, by conditions of the defendants' policies, it was provided that loss or damage could be ascertained by deducting depreciation from the actual cash value. Testimony was introduced in the course of the trial as to the value of the merchandise in Goodwin's store, and it does not appear that the value placed upon such merchandise was ever shown to be misstated in an attempt to defraud the defendants.

By the terms of instruction No. 7, which is the instruction complained of by the defendants, the court charged the jury that "it is the duty of the jury, from all the evidence in the case, to ascertain the fair and reasonable amount and value of said stock and fixtures, and the fair and reasonable amount of his loss, if any." The plaintiff gave some evidence of the value of the goods lost, and the defendants made no special showing that such values were wrong or fraudulent. Defendants insured the property for the amount and value claimed, and they had accepted the premiums thereon. Now they urge that Goodwin falsely stated his loss, that it was not of the value claimed, and that he should not recover.

In the requested instruction No. 2 the defendants asked the court to instruct the jury that: If Goodwin had falsely testified in regard to the value and loss for the purpose of inducing defendants to pay "an amount in excess of the fair and reasonable

cash value of the property actually damaged or destroyed by said fire, * * * you are instructed that the terms and provisions of the policies herein sued upon have been breached and violated." This instruction to which they except seems to go to the truthfulness of the statement of loss. The jury was to determine whether he had falsified the statement of his loss, and as the triers of the facts, it is apparent from their verdict that they found he did not.

By the statement of this instruction, as in that given by the court, it seems rather apparent that it was within the contemplation of all parties that the fair and reasonable value of the loss was the value, less any depreciation. Since Goodwin's loss was stated to be $3,177.67, and this was not controverted by defendants' evidence, to the mind of this court the trial court properly instructed the jury and gave a proper measure of damages, from which instruction the jury found the fair and reasonable value of the goods lost by the fire, and upon this based their verdict.

The defendants here complain only of the failure to instruct as to the measure of damages. In Dodson & Williams v. Parsons, 62 Okla. 290, 162 P. 1090, this court held:

"Where there is competent evidence tending to show damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages."

Considering the testimony as to the amount of loss, and that such testimony was uncontroverted by the defendants, it appears that the jury acted fairly and reasonably. While the instruction given by the trial court was not in the identical language of the standard policy sued on, yet we are unable to determine, had the instruction been given exactly as requested by defendants' counsel, that the amount of the verdict would have been any less. Although the instruction complained of does not accurately state the measure of damages, we fail to see how the defendants were prejudiced, under the testimony in this case.

The defendants next urge that their evidence as to the origin of the fire being uncontroverted, **and not inherently improbable,** it was the duty of the court, as a matter of law, to find that the same was set by the assured, Goodwin, and to direct the jury to return a verdict for the defendants.

494

The statement that, "evidence as to the origin of the fire being uncontroverted, **and not inherently improbable**," is scarcely, in the light of reason and justice, to be considered here. In the first place, there was no great amount of evidence as to the origin of the fire, but only a showing that a possibility existed that Goodwin might have had an opportunity to set the fire. This is based largely upon the testimony of Effie Edwards, from whose statements there was the inference that Goodwin left her company on the night of the fire for a few minutes at the approximate time of the fire. Further evidence was that after the fire some containers of gasoline or coal oil were found where the fire broke out.

Conflicting with this evidence of the defendant was the testimony on behalf of the plaintiff that Goodwin was at a different place shortly before and at the time of the fire. Further, there was evidence that the gasoline and oil found in the workshop after the fire was kept there and used in the work carried on. From all this testimony the jury concluded that the fire had not been set by Goodwin. In all fairness it may be said that, while some circumstances of an unusual nature were never fully explained, still the testimony introduced was not sufficient to establish that Goodwin, the assured, set the fire.

The judgment of the trial court is affirmed.

A supersedeas bond having been filed on behalf of each of the six defendants herein and proper request having been made by the plaintiff for judgment thereon, it is the order of this court that the plaintiff shall have judgment as prayed for.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, GIBSON, and HURST, JJ., concur. RILEY and WELCH, JJ., absent.