**KURN et al. v. W. D. WRIGHT PRODUCE CO.**

No. 27481. Feb. 8, 1938.

Rehearing Denied March 8, 1938.

206

J. W. Jamison, Cruce, Satterfield & Grigsby, and W. T. Stratton, for plaintiffs in error.

Clayton Carder, for defendant in error.

CORN, J. This is an appeal from a judgment rendered against the plaintiffs in error in the district court of Kiowa county, in an action brought by the defendant in error to recover damages to poultry upon arrival at destination. Hereafter we shall refer to the parties as they appeared in the trial court.

April 13, 1935, the plaintiff filed its petition against the railroad company and the defendants as trustees, alleging that it had shipped 96 barrels of dressed turkeys in a refrigerator car over the defendants' railroad from Altus, Okla., to New York, N. Y., and upon arrival in New York the poultry was inspected and found to be in a deteriorated condition known as "green struck," and the consignee refused to accept delivery. The poultry was later sold at a price substantially less than the reasonable market price for such poultry in good condition, and the plaintiff brought this action to recover damages for the loss sustained by the alleged negligent handling in shipping this poultry.

The shipping instructions given by the plaintiff were for the railroad company to "re-ice in transit at all regular icing stations with crushed ice and 12 per cent. salt. Re-ice more often if delayed." The plaintiff alleged that either there was a failure to properly ice in accordance with shipping instructions, or that openings and vents in the car were not properly adjusted, resulting in a loss of refrigeration, this through the negligence of the defendant railroad company or its connecting carriers. The defendants contended the poultry was not properly precooled before packing for shipment.

The railroad company and the trustees filed separate answers and separate demurrers, and at the trial, when submitting the case to the jury, the court instructed the jury that the property of the railroad company was in charge of the trustees and that the case was to be considered only as to them. The jury returned a verdict for the plaintiff for $756.89, and from this verdict and judgment the defendants appeal, setting up eight assignments of error, which are argued under six separate propositions.

The first is that the trial court erred in overruling the demurrer to the plaintiff's evidence. The defendants' argument is directed toward showing that where acts of specific negligence are alleged, as was the case here, the complaining party abandons his right to rely upon the usual presumption which would have been raised by the plaintiff relying solely upon the bailment, and not pleading any specific acts of negligence. The defendants argue that, having pleaded specific acts of negligence, the necessity for the presumption was destroyed, and with it the rule itself. Supporting this the defendants cite authorities to the effect that pleading specific acts of negligence deprives a party plaintiff of the right to rely upon any presumptive rule of negligence. However, after study of the pleadings, it is apparent that the plaintiff did not depend upon any presumptive rule of negligence.

The petition herein definitely set out a cause of action based upon actual negligence committed by certain specific acts, to wit, the alleged failure to re-ice the refrigerator car in transit according to the shipper's directions. The fact of the deterioration of the shipment was not questioned, and the cause of such deterioration was known to be lack of refrigeration either before shipment or during transit. As to this point the defendants argued that there was a failure to precool the poultry properly before it was packed for shipment, and introduced testimony of persons accustomed to handling dressed poultry, for the purpose of showing the proper methods for doing this, and attempted to establish that the plaintiff's methods were not proper nor sufficient, and were the cause of loss.

In response to this, the plaintiff, having set up the only negligence of which the defendants could have been guilty was the failure to ice in transit as directed, offered testimony that the car was not re-iced at two of the usual icing stations, at Decatur, Ill., and at Manchester, N. Y. The plaintiff then offered further testimony to show that the method used to precool this poultry was a proper and accepted means of handling and the method used in preparing all their shipments. The evidence as to the refrigeration was in conflict, and it was properly submitted to the jury under instructions from the court.

The fact that the plaintiff was damaged did not carry with it the inference of negligence, and the burden was upon the plaintiff to show the negligence and that this negligence was the cause of the loss. See Atchison, T. & S. F. Ry. Co. v. Phillips et al., 158 Okla. 141, 12 P. (2d) 908. The

argument offered by the defendants is that one asserting a state of facts as a basis of recovery assumes the burden of proving those facts, and this is the rule announced by this court in the case of Fifth Ave. Library Society v. Phillips, 39 Okla. 799, 136 P. 1076, and a rule which we hold to be sound. However, when the plaintiff alleged certain specific acts of negligence and offered proof as to these matters, and the defendants offered testimony to show that these acts were not the cause of the damage, it became an issue for the jury. When there is competent evidence tending to show negligence on the part of the defendant and a resulting injury to the plaintiff, it is error to sustain a demurrer to the evidence. Selby v. Osage Torpedo Co., 112 Okla. 303, 241 P. 130, 44 A. L. R. 120; Allen v. Cubbison, 150 Okla. 116, 3 P. (2d) 677.

We find no merit in the defendants' argument that by pleading specific negligence the plaintiff took the case outside the rule of presumptive negligence under the doctrine of res ipsa loquitur. There is no merit in this argument because, as shown heretofore, the plaintiff did not rely upon any presumption of negligence, but upon specific acts. The doctrine of res ipsa loquitur is an evidentiary rule to be invoked in certain cases where the means of knowing the circumstances which might have constituted negligence are not available to the complaining party. Hence it has no application, under the facts, to the case at bar, and argument as to its application is not to be considered when no attempt was made to invoke the rule. See Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 P. 213.

The next contention raised by the defendants is that the verdict is not supported by the evidence and is contrary to law, that the verdict is contrary to and in disregard of the court's instructions, and that the court erred in refusing to give an instructed verdict in accordance with. requested instruction No. 2. While the sufficiency of the evidence has already been discussed, it may be well to note that the defendants' claim, that there was no negligence in the failure to re-ice, is based upon their testimony that the refrigeration compartments were never less than ¾ full and a showing that maximum refrigeration was not lost until the refrigerant fell below half capacity. The jury having passed upon this question, it is not to be reversed on appeal where there is competent evidence reasonably tending to sustain the verdict. Champlin

Refg. Co. v. Huntington, Adm'x, 180 Okla. 281, 69 P. (2d) 31.

The defendants also complain of error of the court for refusing to instruct a verdict for the defendants in accordance with requested instruction No. 2. Numerous cases from this court have declared the rule that where testimony at the trial is conflicting, it is not error to refuse to direct a verdict for the defendant, and we see no ground for not applying the rule to the instant case. See National Security Fire Ins. Co. of Nebraska et al. v. Boatman, 180 Okla. 492, 71 P. (2d) 624.

For a third ground of reversal the defendants urge that the trial court erred in giving instruction No. 4, which instruction was:

"You are instructed that when a railroad company receives a car of poultry for transportation that it is its duty to use such degree of care and prudence to transport the same safely to its destination in good condition and undamaged, as a reasonably prudent person would use under like circumstances and conditions in matters of his own of equal importance, and such as usually and customarily used by others in handling like shipments.

"The failure to use such degree of care, which results in injury to the shipper, constitutes negligence, for which it will be liable. For negligence is the doing of some act which a reasonably prudent person would not have done, or the failure to do some act which a reasonably prudent person would not have failed to do, under like circumstances or conditions, and which act, or failure to act, results in injury to another."

The argument in this connection is that the jury was allowed to speculate and form conclusions as to whether it was prudent to re-ice only at regular stations and whether this was the method customarily used. It is an established principle that the jury is to consider the instructions as a whole in applying the law to the evidence. We have carefully examined the requested instructions and have compared them with those given, and when considered as a whole, the instructions given fully charge the jury as to the law of the case. By instruction No. 7 the court charged the jury that the plaintiff was not entitled to recover if it appeared that the loss was not occasioned by a failure to follow the shipper's instructions; this, in effect, told the jury that there could be no liability if they believed the shipping instructions were followed.

The next assignment of error by the

defendants is that the trial court erred in refusing to give the defendants' requested instructions Nos. 2, 4, 6, and 7.

Instructions are directions as to the law to be applied in a case, enabling the jury to better understand their duty and preventing them from arriving at a wrong conclusion. Butler v. Gill, 34 Okla. 814, 127 P. 439. It is the trial court's duty to properly instruct the jury as to the issues made by the pleadings and the evidence, and when the instructions fairly and reasonably present the issues raised, they are sufficient. When the instructions given substantially cover the matters raised in the requested instructions, it is not error for the trial court to refuse requested instructions. Southwest Missouri Ry. Co. v. Duncan, 139 Okla. 287, 282 P. 327; Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 P. 112.

We have further considered the testimony objected to by the defendants as incompetent, irrelevant, and immaterial, and fail to find any of the testimony given by Paul Wright to have been prejudicial. He was qualified as an expert in matters pertaining to the handling and shipping of dressed poultry, hence the objection was to the weight of the testimony, rather than the competency.

The final contention raised by the defendants is that the trial court erred in overruling the defendants' motion for a new trial. Having already decided that the evidence was sufficient for the issues to be submitted to the jury, and in view of the holding of this court that the granting or refusal of a motion for new trial is a matter within the sound discretion of the trial court, we hold that there was no error in the refusal to grant the defendants' motion for new trial.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and WELCH and PHELPS, JJ., absent.