## GALT-BROWN CO. et al. v. LAY.

No. 28093. June 7, 1938.

Roscoe E. Harper and Fenelon Boesche, for plaintiffs in error.

McCoy, Craig & Pearson, for defendant in error.

PHELPS, J. This is an appeal from a judgment rendered on a jury verdict awarding the defendant in error, S. A. Lay, damages against the plaintiffs in error, the Galt-Brown Company, a foreign corporation, and Harry J. Brown, receiver of said corporation, in the amount of $875 actual, and $325 punitive damages for injuring with salt water defendant in error's livestock and polluting his water supply. Herein the parties will be referred to in the inverse order of their appearance on appeal.

Plaintiff's petition contains three separate causes of action. First, damages to his water supply and livestock by reason of salt water pollution occurring in January and February, 1936. Second, damages for alleged breach of an award and settlement of damages for polluting with salt water plaintiff's water supply in the year 1935. Third, that the acts of pollution set forth in the first cause of action were willfully committed, thereby entitling plaintiff to punitive damages.

Following an adverse ruling on defendants' demurrer to the petition, issues were joined by conformable answer and reply. Defendants contend, first, that the court erred in overruling their motion to quash the service of summons. Personal service was had on the defendant Harry J. Brown, receiver of the defendant corporation, in Oklahoma county, the county in which the

receiver was appointed. Brown, as receiver, was an officer of the court making the appointment, and the action was brought to enforce an official, and not a personal, liability. Under the applicable provisions of the statutes, the action was properly brought in Osage county, and inasmuch as the appointment of the receiver was had in Oklahoma county, we conclude that the service was sufficient, though not exclusive. Chicago, R. I. & P. Ry. Co. et al. v. Owens, 78 Okla. 114, 189 P. 171.

It is contended, further, that the petition on its face shows an improper joinder of causes of action; one based on tort and another on contract. In support of this contention defendants cite Stephenson v. Clement, 171 Okla. 333, 43 P.2d 430. In that case suit was brought in Marshall county to foreclose a mortgage on real estate. In addition to the essential allegations in a foreclosure proceeding the petition contained a cause of action for damages against a resident of Cleveland county for alleged negligence in the examination of title to the land. No other defendant in the case was named in the cause of action for damages and no other defendant was affected by it. Under the facts there presented, we held that there was a misjoinder of causes of action. However, in the cited case, in the body of the opinion we said:

"The mere fact that one or more causes of action are on contract and one in tort is united therewith in the same petition does not constitute a misjoinder. Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract when they all arise out of the same transaction or transactions connected with the same subject of the action, and where they all affect all the parties to the action, and we so held in Aylesbury Merc. Co. v. Fitch, 22 Okla. 475, 99 P. 1089, 23 L. R. A. (N. S.) 573. But causes of action cannot ordinarily be joined unless they affect all the parties to the action. First National Bank of McLoud v. City National Bank of Wellington et al., 71 Okla. 52, 175 P. 253."

The foregoing pronouncement of the law is controlling in the present case under the facts as disclosed by the record. The defendants contend, additionally, that the Act of Congress, March 2, 1929, 45 Stat. 1479, sec. 2, amending section 2, 41 Stat. 1249, providing for arbitration of claims for damages resulting from the uses of land of the Osage Nation for oil and gas mining purposes, creates a condition precedent to plaintiff's right of recovery. We conclude that this contention cannot be sustained under the holding of this court in Texas Company v. Taylor et al., 178 Okla. 21, 61 P.2d 574. In that case, in the syllabus, we said:

"Failure to arbitrate or make bona fide offer to arbitrate, as required by act of Congress and regulations relating to arbitration of claims for damages resulting from use of land in Osage Nation for oil and gas mining purposes, held not to preclude recovery for damages to cattle injured by drinking water polluted by oil and gas mining operations, since act and regulations referred only to damages to land and crops (Act of Cong. March 2, 1929, sec. 2, 45 Stat. 1479, amending Act Cong. March 3, 1921, sec. 2. 41 Stat. 1249; St. 1931, sec. 11580)."

In the case at bar there was an attempted arbitration resulting in an award of a certain amount to the plaintiff for damages for pollution. Plaintiff asserts that the terms of the agreement under the award were not complied with by the defendants. It is admitted by the defendants that they are indebted to the plaintiff under the arbitration and award in certain amounts. The entire question on this point was submitted to the jury by competent evidence, and under proper instructions and we find no error in the judgment on this question.

The most serious question presented in the appeal is the award of punitive damages. The statute permitting recovery of exemplary damages is highly penal and punishment thereof should be imposed only when the evidence plainly shows oppression, fraud, malice, or gross negligence. Shobe v. Sykes, 169 Okla. 491, 37 P.2d 908; Keener Oil & Gas Co. v. Stewart et al., 172 Okla. 143, 45 P.2d 121. In instruction No. 8 the court advised the jury that in addition to actual damages it might allow the plaintiff exemplary damages "if you find that the defendants acted deliberately and intentionally and in reckless disregard of the rights of the plaintiff in releasing said salt water or permitting the same to escape."

We are convinced that the evidence introduced was sufficient to prove that salt water from defendants' oil wells polluted the water on plaintiff's land which was used for livestock purposes, and that by reason thereof plaintiff suffered injuries to his livestock in the amount allowed by the jury as actual damages. Also, that plaintiff was injured by reason of defendant's failure to comply with the agreement under the arbitration and award. However, the proof does not show any aggravating circumstances sufficient to justify the submis-

sion to the jury of the question of exemplary or punitive damages. See Aaronson et al. v. Peyton, 110 Okla. 114, 236 P. 586.

We have considered the remaining assignments of error, but inasmuch as we conclude that the defendants have in no wise been injured by reason of the errors complained of, we conclude that such errors, if any, are harmless.

That part of the judgment awarding exemplary damages is reversed; otherwise the judgment is affirmed.

RILEY, CORN, GIBSON, and HURST, JJ., concur.