**JORDAN   v.   PEEK et al.**

No. 35366.

Supreme Court of Oklahoma.

Jan. 19, 1954.

Rehearing Denied March 16, 1954.

Ames, Daugherty, Bynum & Black, Oklahoma City, for plaintiff in error.

Hervey & May, John G. Hervey and Ralph J. May, Oklahoma City, for defendants in error.

## PER CURIAM.

The parties will be referred to as they appeared in the trial court.

Plaintiffs amended petition contained three causes of action. It was alleged that they were the owners of a farm described as the northeast quarter of Section 26, Township 14 North, Range 1 West, Oklahoma County, Oklahoma, and that the defendants, Robert M. Jordan and Bay Petroleum Corporation, were and had been engaged in drilling operations and producing from certain oil and gas wells in Sections 23 and 14, Township 14 North, Range 1 West, Oklahoma County, Oklahoma, being lands located to the north of plaintiffs' lands, and that during the months of June and July, 1949, and continuously thereafter, defendants permitted large quantities of salt water, oil, base sediment and other

poisonous and deleterious substances produced from said wells to escape, permeate and flow over the lands of plaintiffs; that during the months of June and July, 1949, about fifteen acres of plaintiffs' lands were flooded with salt water, killing the crops and permanently rendering the soil useless, and killing a number of pecan trees, with the result that the value of the land had depreciated from $20,000 to $15,000, and therefore plaintiffs sought recovery on their first cause of action in the amount of $5,000. In their second cause of action plaintiffs re-alleged the pertinent facts above set forth and further alleged that the defendants intentionally permitted the escape of salt water from their leases and in so doing acted with gross negligence and wanton disregard of the rights of plaintiffs, for which they sought punitive damages in the amount of $3,000. In the third cause of action plaintiffs sought an injunction against the acts complained of, but this third cause of action is not involved in the appeal. The second and third causes of action had been dismissed before trial against defendant Bay Petroleum Corporation and that defendant is not involved in this appeal, because the verdict of the jury on the first cause of action was in its favor.

The defendant Jordan answered by way of general denial except he admitted he was the operator of certain oil and gas wells located on lands to the north of plaintiffs' land.

The jury returned a verdict in favor of the plaintiffs on their first cause of action in the sum of $800 compensatory damages and in the sum of $1700 on the second cause of action as punitive damages.

The defendant Jordan has appealed and assigns and argues his specifications of error under three separate propositions. The first of these is the contention that the trial court erroneously instructed the jury with respect to the test to be applied in determining the market value of the land. The second proposition is that the trial court in its instructions erroneously relieved the plaintiffs from the burden of proof. The third proposition is that the trial court erroneously submitted to the

jury the question of punitive damages. We shall consider these in the order in which they are presented in defendant's brief.

■ The defendant Jordan does not question the sufficiency of plaintiffs' evidence to sustain their recovery of $800 actual damages under their first cause of action. We have reviewed the record and find that the evidence in behalf of plaintiff abundantly supports the verdict on this cause of action for actual damages. We do not deem it necessary to detail all of the proof of plaintiffs on their first cause of action because the defendant Jordan does not question its sufficiency. We are constrained to believe from a review of all the evidence that a verdict in a larger sum for actual damages would have been warranted. Error is urged, however, in the instruction to the jury on the measure of damages. In Instruction No. 14 the trial court charged the jury as follows:

"You are further instructed that in the event you should find that plaintiff has suffered damage by reason of the pollution of his land, as alleged in his petition, then and in that event you are instructed that his measure of damage is fixed by the difference between the reasonable market value of said land immediately before and immediately after said pollution occurred."

Defendant admits that this instruction is correct but vigorously complains of Instruction No. 15 wherein the court informed the jury of the rule to be applied in determining the market value. This instruction is as follows:

"In determining the question of the market value of the land, you should consider its market value in the light of what a person willing to sell would take for it, and should consider its value for any purpose for which it may reasonably be adapted, and not its value for some particular use which might be made of it by some particular person."

We agree with defendant that this instruction erroneously states the rule to be applied in determining market value. In City of Tulsa v. Creekmore, 167 Okl. 298, 29 P.2d 101, we defined fair market value as follows:

"By fair market value is meant the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell it, taking into consideration all uses to which the land was adapted and might in reason be applied."

We think the trial court should have gone further in Instruction No. 15 and told the jury that, in determining market value, the jury should consider the money that the seller was willing to take for it and the money which a purchaser willing but not obliged to buy would pay to the seller who was willing but not obliged to sell.

The record shows that the defendant did not request an instruction setting forth the rules to be applied in determining the proper measure of damage and, in view of the smallness of the verdict for damage to the land, we have concluded that the giving of the instruction complained of does not justify a reversal. The rule is well established that where there is competent evidence showing damages alleged and the verdict is not excessive and the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, the cause will not be reversed because the judge does not accurately define the measure of damages—National Security Fire Ins. Co. of Omaha, Neb. v. Boatman, 180 Okl. 492, 71 P.2d 624; Magnolia Petroleum Co. v. Jones, 185 Okl. 309, 91 P.2d 769; Shell Petroleum Corporation v. Wood, 168 Okl. 274, 32 P.2d 882; Burden v. Stephens, 174 Okl. 312, 49 P.2d 1098; City of Holdenville v. Kiser, 179 Okl. 216, 64 P.2d 1223.

■ The defendant next contends that by Instruction No. 17 the trial court erroneously relieved the plaintiffs from the burden of proof. This instruction is as follows:

"You are instructed that if you find that the damage to the plaintiffs' land herein complained of, if any, was occasioned by the fact that water has been trapped on said land and allowed to

stand thereon over long and protracted periods of time by reason of the contours of the land, dikes and embankments constructed thereon, and that the construction and existence thereof was the sole and proximate cause of said damage complained of by plaintiffs, then the plaintiffs would not be entitled to recover for any damage to said land, as against the defendant or defendants responsible therefor.

"And in this connection, you are further instructed that if you find that the trees on plaintiffs' land were damaged, and that such damage was occasioned by sedimentation around the base of said trees or from any cause other than salt water, oil or other substances from the leases of the defendants, or either of them, then the plaintiffs would not be entitled to recover by reason of damage to said trees.

"On the other hand, if you fail to so find, or if you find by a preponderance of the evidence that the plaintiffs' trees were damaged in whole or in part as alleged in plaintiffs' Amended Petition, then your verdict should be for plaintiffs and against the defendant or defendants responsible for said damage, and you should fix the amount of plaintiffs' recovery in an amount not to exceed the sum of $5,000 sued for on the First Cause of Action."

The defendant admits that it was his theory that the damage to plaintiffs' lands, if any, was caused by the fact that natural rain water, by reason of the contour of the land, stood on the property year after year and prevented the growing of crops thereon, and that the damage to the pecan trees, if any, was caused by natural sedimentation and silting. It is obvious that these instructions were to submit to the jury the defendant's theories and we do not agree with defendant that they cast on defendant the burden of proof. In fact, the defendant Bay Petroleum Corporation requested the same instruction in substance, but same was refused and the defendant Jordan joined in the exception to the refusal of the court to give the requested instruction, which read as follows:

"You are instructed that if you find that the damage to plaintiffs' land here complained of was occasioned by the fact that water has been trapped on said land and allowed to stand thereon over long and protracted periods of time by reason of the contours of the land and the dikes and embankments constructed thereon, then plaintiffs would not be entitled to recover against these defendants for any of such damage to said land, and in this connection, you are instructed that if you find that the damage to the trees on plaintiffs' farm was occasioned by sedimentation around the base of said trees or from any cause other than salt water, oil and other substances from the defendant's leases, then plaintiffs would not be entitled to recover as against these defendants by reason of the damage to said trees."

In Instruction No. 5 the court charged the jury that the burden of proof was upon the plaintiffs to establish by a preponderance of the evidence all of the material allegations of the petition and that unless plaintiffs had proved these allegations by a preponderance of the evidence the verdict must be for the defendants. The court properly defined what was meant by a preponderance of the evidence and then went further, by Instruction No. 9, and cautioned the jury that the mere proof of injury or damage to the plaintiffs' land carried with it no presumption of negligence, "but the burden of proof rests upon the party alleging negligence to establish the same by a preponderance of the evidence," and that it was incumbent upon such party to show that such negligence thus established was the proximate cause of the injury and damage, if any, received by the party alleging the same. Again, in Instruction No. 12, the court told the jury that "the burden of proof is upon the plaintiffs in this case to prove by a preponderance of the evidence that the defendants, and each of them, by their acts permitted pollutive substances to escape from their leases, and independently or in conjunction with other pollutive substances caused the damage complained of * * *."

We are unable to agree with defendant's contention that the court erroneously relieved the plaintiffs of the burden of proof by the giving of Instruction No. 17.

In its last assignment the defendant argues that the trial court erroneously submitted to the jury the question of punitive damages and in connection therewith complains of the giving of Instruction Nos. 20, 21, 22 and 23. In his brief defendant states "we do not complain that the law is incorrectly stated in these instructions, although we would point out that nowhere does the court define 'gross negligence'; but we do say that too much stress was placed on the punitive damage angle by the giving of four separate instructions." It appears to us, from a reading of these instructions, that they could have been given under one number, and we are unable to agree with defendant that by dividing them into four separate instructions the court placed too much stress or over-emphasis on the punitive damage angle. Defendant's principal contention under this third proposition is that the evidence was insufficient to establish that the defendant had been guilty of oppression, fraud or malice, actual or presumed or of intentional or grossly negligent acts or omissions, or wanton disregard of the rights of plaintiffs, sufficient to sustain any award of punitive damages.

Defendant has cited all of the decisions of this court on the question of the allowance of punitive damages in pollution actions. These cases are Empire Oil & Rfg. Co. v. Rawlings, 178 Okl. 391, 65 P.2d 1253; Empire Gas & Fuel Co. v. Denning, 128 Okl. 145, 261 P. 929; Keener Oil & Gas Co. v. Stewart, 172 Okl. 143, 45 P.2d 121; Galt-Brown Co. v. Lay, 183 Okl. 87, 80 P.2d 567; Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970; Venmex Oil Co. v. Thomas, 189 Okl. 407, 117 P.2d 540; and Ruth Fuel Co. v. Nichter, 174 Okl. 601, 51 P.2d 502. In all of those cases the jury awarded the successful plaintiff punitive damages in addition to actual damages, and in two of the decisions we sustained the award for punitive damages and in the others either struck out the punitive damages entirely or reduced them in amount.

This court has uniformly held, however, that where the evidence justifies it punitive damages may be allowed in this type of action. We have reviewed the entire record and have reached the conclusion that the award of punitive damages should be sustained. It was shown that hundreds of thousands of barrels of salt water produced from defendant's wells were deposited in a series of hillside pits and pools which were leaking fluid approximately as fast as the salt water was placed into them. This continued from the time the first well was brought in, in January, 1949, until September, 1950, when, after a series of complaints had been lodged by the representative of plaintiffs to defendant, a disposal well was put into operation. This should have bettered the situation but it appears that through disregard of the rights of the plaintiffs and of gross negligence on the part of defendant the deleterious substances were not pumped from the pits and ponds theretofore provided into the disposal well, but instead a dike was either cut or a break-through therein allowed to develop, and this waste continued to flow upon the lands of the plaintiff. The defendant himself testified that he did not exercise the same degree of care in the operation of the lease as ordinarily, because in this instance he owned the land itself; that "where I don't own the surface, I naturally keep the leases up." We think that the evidence showed aggravating circumstances sufficient to justify the submission to the jury of the question of punitive damages and that the award of $1700 therefor was not improper.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

Rehearing denied; WELCH, J., dissenting.

This court acknowledged the services of Attorneys Roy M. Huff, Frank Hickman and Norma Wheaton, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.