**FORT SMITH PAPER COMPANY, INC., Plaintiff,**

v.

**SADLER PAPER COMPANY and Rodney C. Nunley, Defendants.**

No. 78–159–C.

United States District Court,
E. D. Oklahoma.

Jan. 24, 1979.

Joe R. Kennedy, Muskogee, Okl., Pearce & Robinson, Fort Smith, Ark., for plaintiff.

A. Camp Bonds, Jr., Muskogee, Okl., for defendants.

ORDER

DAUGHERTY, Chief Judge.

This action comes before the court on the motion of defendants to dismiss the complaint for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment. Defendants have filed a brief in support of their motion and plaintiff has filed one in opposition. The court has conducted a hearing on the alternative motion at which the attorneys of record for the parties appeared. The court requested the presentation of any evidence either side desired to present. Neither side desired to present any evidence. The court heard oral arguments from both sides on the motion.

Plaintiff brings this action against two defendants; an individual, Nunley, and a corporation, Sadler Paper Co. (Sadler). Plaintiff alleges in its first amended complaint that it entered into an agreement with Nunley in consideration of its hiring him as a sales representative. The agreement provided that certain business records and information of the plaintiff were to remain confidential (the covenant not to divulge) and that, upon termination of his employment with plaintiff, Nunley would refrain from accepting similar employment within some 16 counties in Oklahoma (the covenant not to compete). Plaintiff complains that Nunley has breached both of these covenants. Plaintiff sues Sadler for its alleged intentional interference with this contractual relationship. Plaintiff also states a claim for certain monies received by Nunley on behalf of plaintiff but not paid to it.

Review of the contents of the first amended complaint shows that the motion to dismiss must be denied. Plaintiff has stated two claims upon which relief may be given. The motion for summary judgment must be more fully considered.

It should be noted at the outset that defendants have not presented any argument going to the merits or sufficiency of plaintiff's claim regarding the covenant not to divulge or the alleged converted funds. Accordingly, consideration of the motion will be had only insofar as it applies to the claim presented in the first amended complaint regarding the covenant not to compete and the alleged tortious interference therewith.

Defendant's motion for summary judgment is based upon the premise that the contract which supports plaintiff's cause of action for an alleged violation of the covenant not to compete is illegal and unenforceable. In furtherance of this proposition, defendants cite Okla.Stat. Tit. 15, § 217 (1971) which reads as follows:

Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided in the next two sections, is to that extent void.

The sections which follow, Okla.Stat. Tit. 15, §§ 218, 219, provide exceptions for the sale of the good-will of a business and the dissolution of a partnership and are not applicable here. Plaintiff does not challenge the correctness of this statement of the law but challenges its applicability herein. Plaintiff contends that under the proper conflict of laws principle Arkansas' law and not that of Oklahoma should be applied and should control herein. Plaintiff further represents that Arkansas law permits and upholds covenants not to compete. Plaintiff did acknowledge at the hearing conducted herein that the contract provisions involved herein regarding the covenant not to compete would be invalid under Oklahoma law.

A federal district court sitting in a diversity case applies the conflict of law rules of the forum state. *Klaxon Co. v.*

*Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Bruce v. Martin-Marietta Corp.,* 544 F.2d 442 (10th Cir. 1976). Here the parties have cited numerous different expressions of Oklahoma's conflict of law principles regarding contracts. However, as the court views this issue, it does not matter whether the validity of the covenant not to compete is governed by the law of the place of performance, *see* Okla.Stat. Tit. 15, § 162 (1971), the law of the place of execution, *see Clark v. First National Bank,* 59 Okl. 2, 157 P. 96 (1916), or the law of the state having the most significant relationship to the transactions and the parties, *see* Restatement (Second) of Conflict of Laws § 188(1) (1971). Even were the covenant valid under the controlling substantive law, a conclusion the court does not reach, it would be unenforceable here.

 The law in Oklahoma has long been that contracts which are contrary to the public policy of Oklahoma will not be enforced by Oklahoma courts regardless of their validity in the state where made. *Coffee & Carkener v. Wilhite,* 56 Okl. 394, 156 P. 169 (1916). *See also* Okla.Stat. Tit. 15, § 211 (1971). Oklahoma's public policy regarding covenants not to compete is clearly expressed in section 217, *supra,* and the numerous cases which have applied it. *See especially Farren v. Autoviable Services, Inc.,* 508 P.2d 646, 648 (Okl.1973) (citing section 217 as expressive of public policy). Here the effect of enforcing the covenant would be to prevent an Oklahoma citizen from engaging in a lawful occupation in parts of Oklahoma. This court does not believe that such a covenant should be, or would be, enforced in any court sitting in Oklahoma.

 The effect of such a determination is also disputed by the parties. Defendants contend that the entire contract is unenforceable, while plaintiff contends that the provisions of the contract are severable and the covenant not to divulge remains valid. Neither side has argued what state's law should be applied to the question of severability nor, for that matter, has seen fit to cite any law in support of their position. The court therefore will look to Oklahoma law on this issue.

Okla.Stat. Tit. 15, § 105 (1971) provides:

Where a contract has several distinct objects, of which one at least is lawful and one at least is unlawful in whole or in part, the contract is void as to the latter, and valid as to the rest.

 In the court's opinion the provisions of the covenant not to divulge are sufficiently distinct both as to the obligations imposed and the purpose to be accomplished so as to permit its severance and survival from the covenant not to compete. See in this regard *Tatum v. Colonial Life & Accident Insurance Co.,* 465 P.2d 448 (Okl.1970).

Accordingly, defendant's motion for summary judgment is granted as against all claims of plaintiff which are founded upon the unenforceable covenant not to compete. More specifically, the claims against Nunley for breach (par. 14 of the first amended complaint) and against Sadler for tortious interference (*Id.* par. 16) of the covenant not to compete are foreclosed by this judgment.